MILLS *against* DENNIS and others.

There can be no valid decree against an *infant*, by default, nor on his answer by his guardian ; but the plaintiff must prove his demand in court, or before a Master, and the infant will have a day in court, after he comes of age, to show error in the decree.

But, if instead of seeking a foreclosure of the mortgage against the infant heir of the mortgagor, there is a decree for the *sale* of the mortgaged premises, the decree will bind the infant.

A *sale* is the most useful course, as being the most beneficial to both parties.

But before a decree for the sale, there must be a special report of a Master, of the proof of the debt before him, of the amount due, and of what part, if less than the whole, of the mortgaged premises, a sale will be sufficient to raise the amount of debt, and, at the same time, be most beneficial to the infant.

*June* 15,

BILL to foreclose a mortgage executed by *Isaac Dennis*, deceased. The defendants (except one) are the heirs at law of the mortgagor, and two of them represented as infants. The bill was duly taken *pro confesso*, against all the defendants, except the two infants, who appeared and answered by their guardian, the clerk of the court.

MILLS
v.
DENNIS.

who was appointed their guardian, for this purpose, by an order of the court. A reference was made to a Master to compute, and report the amount due on the bond and mortgage mentioned in the bill. The cause was then regularly set down for hearing upon the report, and due notice thereof, as respected the infants, was served upon their guardian.

*G. W. Strong*, for the plaintiff, moved for confirmation of the report, and a decree for the sale of the mortgaged premises.

THE CHANCELLOR. A decree cannot safely be obtained against an infant, upon the mere fact of taking the bill *pro confesso*, or upon an answer in form by the guardian, *ad litem*. The answer in such cases generally is, that the infant knows nothing of the matter, and therefore, neither admits nor denies the charges, but leaves the plaintiff to prove them, as he shall be advised, and throws himself on the protection of the court. A decree upon such an answer would not bind the infant, and he could open it, or set it aside, when he comes of age. No *laches* can be imputed to an infant, and no valid decree can be awarded against him, merely by default. The plaintiff, in every such case, ought to prove his demand, either in court, or before a Master; and the infant is usually entitled to a day to show cause, when he comes of age.

It was the ancient, and has been the settled practice of the court, that no decree should be made against an infant, without giving him a day (which was usually six months) after he comes of age, to show cause against it; (2 *Vern.* 232. 342. 2 *P. Wms.* 403.) and he is to be served with process of *subpœna*, for that purpose, on his coming of age. (*Bingham on Infancy*, p. 115.) But though in the case of a foreclosure of a mortgage, the infant has his six months to show cause, yet he cannot, then, be permitted

to unravel the accounts, nor will he be entitled to redeem
the mortgage, by paying what is reported due.  He is only
entitled to show error in the decree, and this was declared
to be the settled rule by Lord *Talbot*, in *Mallack* v. *Gal-*
*ton ;* (3 *P. Wms.* 352.) and was understood to be the
rule in the case of the Bishop of *Winchester* v. *Beaver*, (3
*Vesey*, 317.)

1818.

*Mills*
*v.*
*Dennis.*

If, however, instead of foreclosing the mortgage against
the infant heir of the mortgagor, and thereby giving him a
day after he comes of age, it be decreed, that the lands be
sold to pay the mortgage debt, then it seems to be under-
stood that the sale will bind the infant.  (*Booth* v. *Rich*, 1
*Vern.* 295.)  So if lands devised to be sold, for payment of
debts, be decreed to be sold, the infant has no day, after he
comes of age, unless he be decreed to join in the sale.  (2
*Vern.* 429.)  The *English* practice, until lately, has been
to foreclose, instead of selling the mortgaged premises.
Thus, in *Goodier* v. *Ashton*, (18 *Vesey*, 83.) there was the
usual decree of foreclosure against an infant, with a day
to show cause, though it was then suggested to the
court, that a decree for a sale would be more advantageous
to the infant, as the estate might be mortgaged for less
than its value ; and it was said to be the rule in *Ireland* to
direct a sale in all cases, instead of a foreclosure.  But the
Master of the Rolls did not incline to make such a pre-
cedent against the uniform practice.  This course was,
however, shortly afterwards, adopted by Lord *Eldon*, in
*Mondey* v. *Mondey*, (1 *Vesey* and *Bea.* 223.) who said, that
if there was no precedent, (as he believed there was not,)
he would then make one, and he directed an inquiry,
whether it would be for the infant's benefit, that the estate
should be sold.

The practice, with us, has been to sell, and not to fore-
close, as well where infants, as where adults are concern-
ed.  I think this course must generally be most bene-
ficial to the infant, as well as to the creditor ; and there can

1818.

MILLS
v.
DENNIS.

be no doubt of the authority of the court to pursue it. The court may change the estate of infants, from real into personal, and from personal into real, whenever it deems such a proceeding most beneficial to the infant. (*Amb.* 419. 6 *Vesey,* 6. 3 *Desaus. S. Caro. Rep.* 18. 21.) The proper inquiry in such cases will be, whether a sale of the whole, or only of a part, and what part of the premises will be most beneficial; and this has now become the usual inquiry, even where infants are not concerned, as appears from the case of *Brinckerhoff* v. *Thalhimer.* (2 *Johns. Ch. Rep.* 486.) The master must not only make a special report on that point, in every case where infants are defendants, but the plaintiff must, also, prove his debt before the Master, in the same manner as if nothing had been admitted by the answer; and the Master must report such proof, and also the computed amount of the principal and interest due, and to what extent, and of what part of the premises, (if any part short of the whole,) a sale would be sufficient to raise the debt, and at the same time be most beneficial to the infant.

Every sale so decreed will be absolute, without any day to show cause.

*Decree.*

The following order was entered: "The plaintiff's bill of complaint in this cause having been taken *pro confesso,* against the defendants, &c. and this cause having this day been brought on to be heard, on the said bill so taken *pro confesso,* against the said defendants, and upon bill and answer, as to the above named defendants, *Thomas Doty,* jun. and *Elbert Doty,* who are infants: whereupon, after reading a notice of hearing of this cause, and admission of the due service thereof, by the guardian *ad litem* to the said defendants, *Thomas Doty,* jun. and *Elbert Doty;* and after reading the said bill and answer, and an affidavit of the solicitor for the plaintiff, proving the regularity of the proceedings in this cause, in taking the said *bill pro confesso,* against the above named de-

fendants, as aforesaid, (which affidavit is filed,) and after hearing counsel for the plaintiff, no counsel appearing for the said defendants, *Thomas Doty,* jun. and *Elbert Doty,* the said infants, to oppose the same; it is *ordered, adjudged,* and *decreed,* that it be referred to one of the Masters of this court to take proof of the material facts stated in the plaintiff's bill of complaint, and particularly, whether the bond and mortgage, in the plaintiff's bill mentioned, were duly executed, as therein set forth ; and if the said bond and mortgage were duly executed, that the said Master compute and ascertain the amount due to the plaintiff for principle and interest thereon : And it is further ordered, that the said Master, under the circumstances of the case, in reference to the amount due to the plaintiff for princi-pal and interest on the said bond and mortgage, and the situation, nature, and value of the mortgaged premises, ascertain whether a sale of the whole, or a part only, and what part, of the said mortgaged premises, would be for the benefit of the said infant defendants ; and that the said Master report on all the matters, aforesaid, to this court, with all convenient speed. And all further directions are reserved, until the coming in of the said report.