. Judge Grimke
delivered the opinion of the court:
This is a bill of review to- reverse the decree of the'court of' common pleas, for errors apparent on the face of the proceedings- -and decree.
N. Massie, in his lifetime, had contracted to convey a tract of land to the defendant; but failing so to do, the defendant filed a bill against his heirs, praying in the alternative for a conveyance, or a compensation in damages. None of the defendants, then infants, were served with process; but a guardian ad litem- was, on the motion of the complainant, appointed for them. This guardian never answered, and'a decree pro confesso for $1,575 was rendered against the heirs. The administrator of N. Massie was never made a party; but on the decree thus rendered, an execution issued and was levied on land descended to the heirs.
The first great error which seems to have been committed, was-in not making the personal representative of N. Massie a party.. As the personal property is the fund which is primarily liable for the payment of debts, as well after death, as during the life of the debtor, the administrator in whom it is vested, and who is a trustee lor those who are ultimately to receive the benefit of it, is an indispensable party before the court. Thus, in Ashhurt v. Eyre,. 3 Aik. 341, to a bill for a discovery of assets, a plea that the administrator was not a party, was adjudged good. And in Gregory v. Forrester, 1 McChord’s Ch. 318, it was held that a suit could not be maintained against heirs for the purpose of subjecting- *385 assets in their hands to the payment of debts, unless an administrator was appointed and made a party, although the plaintiff himself would have the right to administer. There are, to be sure, exceptions to the rale. Thus in Pluxtell v. Penton, 2 Atk. 51, it was decided that a suit might be instituted against heirs for the discovery of real assets, upon suggesting that the personal representative was contesting in the ecclesiastical court. In Massachusetts, a suit may sometimes be maintained against heirs . alone. 12 Mass. 399. But it is by ^express statute that this is permitted, and is an evident departure from the regular mode of proceeding.
In England, heirs are liable to be sued on the bond debts of their ancestor. This is because such debts bind the land, and constitute a lien upon it. The heirs are, therefore, liable in the first instance. But even in that country an heir is sometimes entitled, in chancery, to stand in the place of a bond creditor against the personal estate of the intestate.
The case of a vendee filing a bill for the purpose of subjecting the land sold to the payment of the debt, might seem to form an exception to the general rule, which requires the administrator to be made a party. The vendee as well as the vendor has a lien on the land; the latter for the unpaid purchase money, and the former for the purchase money prematurely paid. But even admitting that this was a bill of that character; yet our administration laws, after the death of the vendor had accrued, would not recognize this lien, without an account of the personal estate being previously taken.
To sustain these proceedings would be indeed to subvert the whole design of our administration laws, which is to subject the personal property, in the first instance, to the payment of the . debts of the intestate. It would be equally contrary to the principle, that all persons interested, and against whom a decree might be rightfully rendered, should be made parties to a bill in chancery. This rule is so strict in its application, that although it has been held that a purchaser under a decree shall not be affected by error in the decree, yet it has also been held that even he ought to see that all proper parties to be bound are before the court, and that he does not take a title which can be impeached aliunde. Bennet v. Hamill, 2 Seg. L. 556.
The personal representative of N. Massie should have been a *386 party to these proceedings, and an account should have been taken of the personal property, in which event the sale of the land on. execution may have been rendered unnecessary. Another error assigned is, that there was no service upon the defendants. There is no doubt what the English practice is. Infants, as well as other defendants, are served with the subpena, and the former are afterward brought into court, in order to receive their answer. The rule has, in very particular cases, been departed from. Thus in Smith v. Marshall, 2 Atk. 70, where a mother secreted the infants, so that they could not be served, a service upon her was declared to be good service. And in ^Thompson v. Jones, 8 Yes. 141, the rule,appears to have been still further relaxed, for ¡on a motion that service on the father-in-law should be deemed ¡sufficient, the chancellor said that the register had furnished him with several orders that service upon the mother sliould be good. 'These exceptions, however, proceed upon the very principle on which the rule requiring service on the infants is founded. Service on. them would be very absurd, if it were not intended by ’■that means to apprise their relations of the institution of a suit, ¡arid thus to put it in the power of those most deeply interested in itheir welfare, to protect their interests.
In Ohio, it has not been the general practice to make service on ithe infants. A very loose mode of doing business has universally ■ (prevailed. This is greatly to be regretted, since as much mis-chief might be created by returning to the old and regular practice, as has been occasioned by the original departure from it. 'The practice of every court may be said, sometimes, to constitute ¡the law of the court; and, perhaps, even this practice may be entitled to respect, if it is the creature of inveterate usage. But it is unnecessary now to decide this point, as there are so many other .errors in these proceedings.
Although a guardian ad litem was appointed, no answer was ever filed by him, and the decree was taken pro confesso. It has been doubted whether a decree can regularly be taken against an infant, even upon the answer merely. An answer of infants by their guardian is a pleading only, and not an examination for the purpose of discovery. But however this may be, it is clear,that -where no answer has been put in, a decree can not be rendered ¡against infants by default. Mills v. Dennis, 5 Johns. Ch. 97, but *387 the plaintiff must prove his case. This is a settled principle both in England and America.
The proceedings in the original suit, then, are thoroughly defective. The defects disclosed are, some of them, so gross, so manifestly prejudicial to the interests of those concerned, that we would not be authorized to say that they were excusable, even upon the old maxim, that common error makes the law. There is no alternative but to reverse the decree.