Mr. Justice Clayton
deli vered the opinion of the court.
The only question in this case relates tó a point of chancery practice.
There were several defendants, some of whom were infants. The bill was taken for confessed, as to the adult defendants, but the infants answered by guardian ad litem. There was no proof in the cause, and a decree was rendered in favor of the complainants, reserving time to the infants, after they came of age, to show cause against it.
This was erroneous, as to the infants; the pro confesso as to the others, could have no effect upon their rights. Taking a case for confessed in equity, entitles the complainant to a decree only against such party, not against the others. 3 Johns. Ch. 367; 10 Johns. 537; 4 Leigh, 579; 2 Atk. 21. And if the defendant, against whom no pro confesso is taken, disprove the bill, the whole will be dismissed.
Even a pro confesso against an infant will not authorize a decree against him, there must be proof. Mills v. Dennis, 3 Johns. Ch. 367. The reservation of a right to show cause against the decree, after the infant attains majority, does not cure the error. That right is a limited one, and seems to extend only to defects and errors in the decree itself; and it seems also to be barred by a sale under the decree. 3 Johns. Ch. as above. Though in this we give no authoritative opinion.
For this error the decree will be reversed. But this does not. extend to set aside the pro confesso as to the adults. The cause will stand as it did, when the decree was pronounced, and will proceed from that point, as if it had never been made, leaving it to' the court below to set aside the pro confesso or *69 not, according to its legal discretion. See Gwin v. Harris, 1 S. & M. Ch. R. 528.
We regard the appeal in this cause as having been taken by the infants as well as the other parties.
Decree reversed.