JOHN G. TUTTLE *et al.*, Plaintiffs in Error, *v.* AUGUSTUS O. GARRETT, Defendant in Error.

### ERROR TO PEORIA.

In an application for a decree against infants for a conveyance of land, nothing will be taken as admitted, but complete proof must be made as against them.

THE decree in this case was rendered by PETERS, Judge, at a special term of the Peoria Circuit Court, in March, 1855.

N. H. PURPLE and E. N. POWELL, for Plaintiffs in Error.

MANNING and MERRIMAN, for Defendant in Error.

CATON, J.. The bill in this case shows that Garrett executed a deed of the premises in question to Tuttle, the father of the defendant, for the purpose of securing him against any loss which he might sustain by reason of his having become security for Garrett in certain transactions, particularly specifying an appeal bond which Tuttle had signed, as security for Garrett, for the purpose of appealing a certain case from the circuit to the supreme court, in which case, the bill shows that the supreme court rendered a decree against Garrett for over $1200. And also to indemnify Tuttle for any loss which he might sustain by reason of his having become security for Garrett to Kidder, for several hundred dollars. The bill further avers, that Garrett

has since paid off and satisfied both these demands, by reason of which, he is entitled to have the premises conveyed to him by the defendants below, to whom the legal title has descended, as the heirs at law of the original grantee, who is deceased.

A reference was made to the master who reported the proofs in full, taken by him, from which it appears that Tuttle, the original grantee from Garrett, stated to two witnesses that he held the premises to indemnify him against any loss which he might sustain by reason of his having become security for Garrett upon certain bonds, and the testimony also shows, that Kidder's debt has been paid, but there is no proof whatever in the record, showing that the decree against Garrett in the appeal case, rendered by this court, has been paid. The want of such proof is a fatal objection against any decree in this suit against these infant defendants. As against them, nothing could be taken as admitted. But it was the duty of the complainant to make complete proof of his entire case, before they could be deprived of the estate which had regularly descended to them from their father. For the want of such proof, the decree of the circuit court must be reversed and the suit remanded.

*Decree reversed.*