EDWARD P. JOHNSON *et al.* *v.* EDWARD McCABE *et al.*

1. PROCESS: SERVICE UPON INFANTS. — By the provisions of art. 64, p. 489, of the Rev. Code, process for infants must not only be served upon them personally, but upon the father, mother, or guardian, if resident in this State.

2. INFANTS: GUARDIAN AD LITEM: CANNOT BE APPOINTED UNTIL PROCESS PROPERLY EXECUTED.— A guardian *ad litem* cannot be legally appointed until process has been served upon the infant in conformity with the provisions of the statute.

3. SAME: SAME: ANSWER OF GUARDIAN AD LITEM. — The answer of a guardian *ad litem* must not be his personal answer, but the answer of the infant by the guardian.

4. SAME: SAME: SAME: NOT EVIDENCE: PROOF MUST BE MADE BEFORE A DECREE CAN BE RENDERED AGAINST AN INFANT.— The answer of an infant by his guardian *ad litem* is not evidence for or against him, and the facts which entitle a party to a decree against an infant must be established by legal proof; neither the guardian *ad litem* nor any other person has the power to waive this proof or consent to a decree.

APPEAL from the Chancery Court of Washington county. Hon. Thomas Shackelford, chancellor.

Appellees, the administrator and heirs of James Johnson, de-

ceased, filed their bill in the court below, against appellants, the executor and heirs of Edward P. Johnson, deceased, to enforce the vendor's lien on certain lands.    Process was duly issued and returned, as stated in the opinion of the court. After the return of the process as to Bettie Erwin, an infant, on motion of appellees, a guardian *ad litem* was appointed for her.    The answer of the guardian *ad litem* is as follows:

"EDWARD McCABE *et al. v.* EDWARD P. JOHNSON *et al.*

"The answer of F. B. Gray, guardian *ad litem* for Bettie Erwin, a minor, defendant herein, answering, says: That he knows nothing of the matters and things in complainants' bill mentioned, and that if the rights of his ward are to be in any manner affected thereby, he asks that complainants be held to strict proof of the same.    And having answered, etc., etc.

"F. B. GRAY, Guardian, etc."

A decree for the sale of the land was made, and from this, appellants appeal to this court, and make the following assignments of error : 1st. That the process was not returned properly executed upon the infant, Bettie Erwin.    2d. That the court had no power to appoint a guardian *ad litem* for her.    3d. That the answer of the guardian *ad litem* was informal and improper.    4th. That a final decree was made against the infant without any proof.

*W. & J. R. Yerger,* for appellants, cited Rev. Code, art. 64, 489; art. 52, 548; art. 89, 554 ; Story's Equity Pl. §§ 871–892 ; 1 Daniel's Ch. Prac. 219–211 ; *Miles* v. *Dennis,* 3 John. Ch. Rep. 367 ; *Massie* v. *Donnelson,* 8 Ohio, 377 ; 1 McLean's Rep. 125 ; 3 Dana's Rep. 35 ; 12 Smedes & Marshall, 445 ; 7 Gill & J. 191.

No counsel for appellees.

PEYTON, J., delivered the opinion of the court.

In this case, it appears that James Johnson, and Mary, his wife, conveyed, together with other property, a certain tract of

land, situated in the county of Washington, in this State, to Edward P. Johnson; and that Edward McCabe and Mary R. McCabe, his wife, and Albert S. Johnson and Mary Alice Johnson, minor children and heirs-at-law of James Johnson, deceased, who sue by their next friend, and Edward McCabe, administrator of the estate of James Johnson, deceased, file their bill in the Chancery Court of said county of Washington, against Edward P. Johnson, James L. Johnson, Fitz William Lonsdale, Naimie Lonsdale, his wife, and Bettie Erwin, heirs of Edward P. Johnson, deceased, and Edward P. Johnson, executor of the last will and testament of Edward P. Johnson, deceased, and Fitz William Lonsdale, executor of the last will and testament of James Johnson, deceased, to enforce the vendor's lien on said land for the unpaid purchase-money.

That said Bettie Erwin was an infant under the age of twenty-one years, and that process was returned by the sheriff executed as to her, "by delivering a true copy of the same, for Bettie Erwin, to Lonsdale, he being a free white person above the age of sixteen years, then and there being one of her family, and at the usual place of residence of the within-named Bettie Erwin, she being absent from her usual place of residence, and not found in my county, this 25th April, 1867."

And that on the 22d day of November, 1867, F. B. Gray was appointed by the court guardian *ad litem* for said Bettie Erwin, and on the same day the said guardian filed the following answer: "That he knows nothing of the matters and things in complainants' bill contained, and not confessing or admitting any of the allegations therein contained, answering, says that if the rights of his ward are to be in any manner affected by the same, he would ask that complainants be held to strict proof; and now having fully answered, he would pray to be discharged, with his reasonable costs."

The answer of the other adult defendants admits the allegations of the bill, and on the 23d day of November, 1867, a commissioner was appointed by the court to take and compute the amount of principal and interest due to the complainants. And on the same day the report of said commissioner was confirmed

by the court, and a decree rendered, directing a sale of the land conveyed, or so much thereof as may be necessary to pay the amount of the purchase-money found to be due to the complainants, and costs of suit, unless the same is paid by the defendants to the complainants within ten days from the date of the decree.

From this decree the cause is brought here by appeal. And the appellants assign various errors, the first, second, and third of which call in question the validity of the service of process on the infant defendant, Bettie Erwin, and of the appointment of the guardian *ad litem* for her, and of his action in behalf of his ward.

Our statute provides that original process shall be served personally on the defendant, if to be found, and a true copy thereof delivered to him. The delivery of a copy of the process by the proper officer to an adult defendant is deemed good personal service, within the extent and meaning of the statute. But if the defendant be an infant, the process must not only be served on him personally, but on his father, mother, or guardian, if he have any in this State. Rev. Code, 489, art. 64 ; and 544, art. 27. Hence it will be seen that the service of the process upon the infant was not in conformity with the statute ; and as art. 52 of the Rev. Code, 548, contemplates the return of process *legally* executed, it is insufficient to authorize the court to appoint a guardian *ad litem* for the infant. The service of process upon the infant, the appointment of a guardian for her, and his action as such on behalf of the infant, are therefore erroneous.

The answer filed by the guardian *ad litem* is not a proper answer. It is the infant that is required by the bill of complaint to answer it, and although she is not presumed to be of sufficient discretion to prepare her answer herself, and must therefore do this by her guardian, yet it must be *her answer* by her guardian, and not the personal answer of the guardian. The answer of the guardian *ad litem* is his personal answer, and not the answer of his ward, Bettie Erwin. The answer in such cases generally is, that the infant (not the guardian) knows nothing of the matter, and therefore neither admits nor denies the charges, but leaves the plaintiff to prove them as he shall be

advised, and throws himself on the protection of the court. *Mills* v. *Dennis*, 3 Johns. Ch. Rep. 367. The answer in such cases is usually a general one, and is in the following form:

"The answer of A., an infant under the age of twenty-one years, by B., his guardian, to the bill of complaint of C. against him in chancery, exhibited.

"This defendant cannot admit any of the matters and things alleged in the said bill, and being an infant of tender years, submits his rights to the protection of this court."

This answer is sworn to by the guardian, unless the bill waives the necessity of an answer under oath.

The fourth assignment of error is, that "there was no proof whatever to sustain the allegations of the bill, and as the guardian *ad litem* did not admit them, it was erroneous to render a decree affecting the rights of the minor without such proof." This assignment of error is well taken.

As a general rule, the answer of a defendant in a suit in chancery being a deliberate statement on oath, is evidence against him of all the matters it contains. But it is only the answer of a person *sui juris* that can be treated as an admission of the facts, so far as to dispense with other proof of them, and therefore the *answer of an infant* by his guardian cannot be read against the infant, for the reason that he cannot make an admission which ought to bind him. The answer of an infant by his guardian *ad litem* is considered a pleading merely, and not an examination for the purpose of discovery. It is neither evidence for nor against him. And the facts which entitle the complainant to a decree must be established against infants by legal proof. Neither the guardian *ad litem* nor any other person has power to waive this proof, or consent to a decree against the infant without it. This is an inflexible rule of law, which cannot be evaded. *Mills* v. *Dennis*, 3 Johns. Ch. Rep. 367; *Tuttle* v. *Garnett*, 16 Ill. Rep. 354. The record in this case contains no evidence either before the court or the commissioner to sustain this decree against the infant.

The decree will therefore be reversed, and the cause remanded.