Catherine A. Stinson in equity *vs.* Elisha Pickering & another.

Hancock. Opinion September 11, 1879.

*Guardian. Equity—practice in.*

In a bill in equity against an infant defendant, her guardian by probate appointment cannot appear for his ward if his interests in the result of the suit be adverse to hers.

In such case a guardian *ad litem* must be appointed.

In a bill in equity against an infant defendant no admission made in the answer of the guardian *ad litem* can bind the infant; but the whole case as against the infant must be proved.

On report.

Bill in equity, against Elisha Pickering, guardian of Anna F. Pickering, a minor daughter of the other defendant, and Anna F. Pickering the minor.

The bill alleges in substance that on April 23, 1873, Elisha Pickering conveyed certain land described to Francis Worcester and that the wife of the grantor joined in the deed releasing her right of dower therein; that on July 24, 1876, he conveyed certain other land to John H. Stinson by a similar deed; that on September 27, 1875, he conveyed by a similar deed certain other land to the Stinson Granite Co.; that said lots have passed by sundry mesne conveyances to the complainant.

That said several grantees paid full consideration for their respective conveyances and entered into possession of the same under their deeds.

That said grantees and their assigns have made large expenditures of money upon the lots and the plaintiff and others are making large expenditures thereon for the purpose of opening and developing mines of ore supposed to exist therein.

That the said grantees and this complainant, when they accepted their respective deeds, and when they made the said improvements, believed that the said deeds from Elisha Pickering with a release therein of his wife's right of dower, conveyed an absolute and indefeasible title in fee to said premises free from all incumbrances.

That said complainant is informed and alleges that the title to said premises, at the time of the execution of said deeds was in grantor's wife Maria F. Pickering, and that by accident or mistake said deeds were prepared and executed upon the supposition said Elisha owned the premises in fee and in his own name.

That said deeds did not pass the legal title to the premises therein described, although the said Elisha and Maria supposed they were conveying and intended to convey the same, and the grantees supposed they were receiving a perfect title to the several premises ; that deeds were made to said Maria as grantee by mistake in consequence of the absence of her husband Elisha ; but that said Elisha paid the whole consideration therefor, and that he and his wife always considered and treated the several premises as his property ; that said Maria died intestate on September 14, 1876, leaving her said husband and said Anna her only child surviving; that said Maria, at time of her death, held the legal title to said lands subject to an implied trust in favor of and for the sole benefit of said grantees and their assigns; that since her death, said Anna has had the legal title thereto by descent subject to the same trust, and now holds the same in trust and for the sole use and benefit of the plaintiff, and that said Anna has no other interest whatever in the premises.

That said Anna is aware of the facts above set forth, and is willing that the complainant's title should be perfected, but that she is a minor and incapable of making a valid conveyance thereof ;

that the defect in complainant's bill is a cloud thereon; and that the said Elisha is the duly appointed guardian of said Anna.

Prayer for a decree that defendants have no interest in the lands described ; that they be enjoined from claiming any title thereto ; and that they be ordered to convey to complainant all their right, title and interests in the same.

Answers substantially admit all the matters alleged in the bill ; and that the conveyance to Maria F. Pickering was not intended as a gift.

The court to render judgment upon the bill and answer.

*A. P. Wiswell,* for the plaintiff.

*J. B. Redman,* for the defendants.

VIRGIN, J. Courts of equity are careful of the rights of infant defendants. A bill is never taken *pro confesso* against them. *Tucker* v. *Bean,* 65 Maine, 352. If an infant has no guardian by probate appointment, a guardian *ad litem* must be appointed ; and the duty of having such appointment made devolves upon the plaintiff, if no motion to that effect proceeds from the other side. *Swan* v. *Horton,* 14 Gray, 179. And the guardian must have accepted before further proceedings, which must appear of record. *Daniel* v. *Hanagan,* 5 J. J. Marsh, 49.

It must also appear that the proposed guardian has no interest in the matter in suit adverse to that of the infant ; and a co-defendant may be appointed, provided he have no adverse interest. 1 Dan. Ch. (4th ed.) 161, and cases cited in notes.

In the case at bar, the infant's father has been appointed her guardian by the probate court, and is also a co-defendant—all of which might be proper under certain circumstances ; but inasmuch as he conveyed all the property in question, his interest in the result of this suit is adverse to that of his daughter and hence cannot rightfully represent his daughter in this suit, and a guardian *ad litem* must be appointed.

Moreover, it is the duty of the court to see that the rights of an infant are not prejudiced or abandoned by the answer of the guardian. (*Barrett* v. *Oliver,* 7 Gill. and J. 191 ;) and whatever admission there may be in the answer, the plaintiff is not exoner-

ated from his duty of proving, as against the infant, the whole case upon which he relies. 1 Dan. Ch. 163, 169-70. *Tucker* v. *Bean, supra.*

In the case at bar, the answer consents to the decree prayed for, but there is no proof of the allegations relied upon by the plaintiff.

The case is therefore remanded for the appointment of a guardian *ad litem,* and for the taking of testimony to sustain the bill.

APPLETON, C. J., BARROWS, DANFORTH, PETERS and SYMONDS, JJ., concurred.