### PARTIES TO CONTEST OF WILL.

Circuit Court of Wood County.

IDA MAY WALLACE ET AL v. FRANKLIN LUDWIG ET AL.

Decided, December 12, 1912.

*Wills—Power and Duty of Adding Necessary Parties After Petition to Contest is Filed—Grandchildren Born After Bringing of Suit But Before Trial.*

All persons interested in a will are indispensable parties to an action brought to set the instrument aside, and where grandchildren who are beneficiaries under a will are born after the filing of such an action but before trial is had, failure to make them parties by proper procedure requires that the judgment obtained in such proceeding be reversed.

*N. R. Harrington*, for plaintiff in error.
*E. M. Fries*, contra.

RICHARDS, J.; WILDMAN, J., and KINKADE, J., concur.

Error to the Court of Common Pleas of Wood County.

The action out of which this proceeding in error grows was brought in the common pleas court by Franklin Ludwig and others to contest the will of one Isaac Ludwig, deceased. The will was executed on August 23d, 1905, at which time Isaac Ludwig was more than eighty-six years of age. He died in February, 1906, and the will was probated on April 23d of that year. At the time the will was executed and also at the time of his death he had several living children and many grandchildren. The will provides in substance that his executor shall divide one-half of the proceeds of his estate among such of his grandchildren as shall be living at the expiration of ten years from testator's death, and that the remaining half of his property shall be distributed by the executor at the expiration of twenty years from testator's death among such of testator's great grandchildren as shall then be living.

The petition was filed in the common pleas court on March 6th, 1908, and all the devisees, legatees and other interested persons then living were made parties to the action, the number of defendants being about eighty. The case was not tried in the common pleas court until May of 1912, and the four years elapsing between the commencement of the action and its trial were very fruitful, numerous additional grandchildren being born during that period. The grandchildren born after the commencement of the action were not made parties. The trial in the common pleas resulted in a verdict finding that the paper writing was not the last will and testament of Isaac Ludwig, deceased, and upon that verdict judgment has been entered.

The vital and controlling question in this case is that made by counsel for plaintiffs in error, that all of the grandchildren, living at the time the case was tried, were not made parties defendant, and that they are indispensable parties. We think this claim is in accordance with the law of Ohio. The language of Section 12080, General Code, appears to be broad enough to apply as well to legatees who are born pending the action as to those who were living at the time the action was brought. The code provides in Section 11262, that when an action can not be determined without the presence of other parties, the court may order them to be brought in or dismiss the action without pre-

judice.   The only issue in a case brought to contest a will is whether the paper writing is the last will and testament of the decedent.   All the grandchildren and great-grandchildren living at the time of the trial had an interest by the terms of the will contingent on their surviving to the periods named in the will and were indispensable parties to a determination of the issue. In order that there may be an end of litigation, it is requisite that all necessary parties be brought into the case.   The right and power and duty to make necessary parties exists after suit brought as well as at the time of filing the petition.   An interesting case shedding some light on the question at bar is *Holt* v. *Lamb,* 17 O. S., 375.   That case has been often cited with approval and is cited by the Supreme Court in *Church* v. *Nelson,* 35 O. S., 630.   In announcing the opinion in the latter case, White, judge, speaking for the court says:

"The effect of the decree setting aside the will was drawn in question in a collateral suit.   And it was there held that the parties to the suit in which the decree was rendered were bound by the decree, that it was not void as to them; but that as to all other persons in interest the decree was void.   No question arose in the case as to the decree being reversible on error.   But as it was held to be void as to some of the persons in interest and binding as to others, in respect to the same property, it would seem to be necessarily erroneous as to the parties to the suit."

Reference may be made also to *McAurthur* v. *Scott,* 113 U. S., 340, and to *Seldon* v. *Illinois Trust & Savings Bank,* 130 American State Reports 180, 186.   An extensive note beginning on the latter page contains an interesting discussion of questions similar to the one now under consideration.

It was held in *Rockwell* v. *Blaney,* 18 Decisions, 436, that only such persons as were interested in a will at the time of its probate are proper parties.   The reasoning of the court in this case was commended to our attention by counsel for defendants in error, but the case appears to have been reversed by the circuit court.   See *Heimrich* v. *Dechant,* 21 Decisions, 107.

Guardians *ad litem* were appointed for several of the minor defendants in the trial court, and filed answers denying the averments of the petition.   Some of these minor defendants

joined in an answer in which they personally admitted the allegations of the petition filed by the plaintiff. This answer of the minors was called to the attention of the jury by counsel for the plaintiffs during the trial. The trial court declined on motion to strike the answer from the files, but did direct the jury that the defense of an infant must be made by his guardian, and that they should not be influenced by any answer which may have been filed by the minors themselves.

We do not find any prejudicial error in regard to this matter, but think it improper for counsel to have called the attention of the jury to the contents of this answer, and on re-trial the incident should not be repeated. Under the statutes, the duty rests on the party to make his case unaided by any admissions contained in an answer filed by minors, as the defense of minors must be made solely through the guardian *ad litem,* and even an admission in the answer of the guardian *ad litem* would be ineffective as an aid to the opposite party. See *Massie's Heirs* v. *Donaldson,* 8 O. S., 377, cited with approval, *Mills* v. *Dennis,* 3 John's Ch., 367.

All legatees living at the time of the trial were indispensable parties and because of the failure to make them parties, the judgment will be reversed and the case remanded for further proceedings.