CHARLES W. GREENE, Appt., vs. LEON A. MABEY, et al.

DECEMBER 13, 1912.

PRESENT: Dubois, C. J., Johnson, Parkhurst, Sweetland, and Vincent, JJ.

*(1) Guardians ad litem. Admissions.*

A guardian *ad litem*, cannot enter into an agreement stating facts upon which
  the decision of the court and its decree must be based, but full proof of all
  facts which do not clearly appear to the court as advantageous to the infant.
  must be established by proper testimony.

PROBATE APPEAL. The facts are fully stated in the
opinion.

VINCENT, J. This case comes originally from the probate
court of the town of Warren from which it was appealed to
the Superior Court for the counties of Providence and
Bristol and is now certified to this court by said Superior
Court upon the following:

"AGREED STATEMENT OF FACTS.

"In the above entitled cause, which is at issue upon its.
merits, the said Charles W. Greene, Appellant, the said
Mabel T. Mabey, an Appellee, and the said Leon Arthur
Mabey, Clinton Lee Mabey and Clayton Ray Mabey,
infants, by Charles B. Mason, their guardian *ad litem* duly
appointed, hereby agree upon and herewith submit to this.
Court the following as a true statement of the facts in said
action, to wit:

"Charles N. Mabey, late of said Warren, deceased, was.
the husband of said Mabel T. Mabey. The said Leon
Arthur Mabey, Clinton Lee Mabey and Clayton Ray ·Mabey
are the children of said Charles N. Mabey and said Mabel T.
Mabey. The said Mabel T. Mabey, after the decease of
the said Charles N. Mabey, duly presented a petition to the
Probate Court of the Town of Warren, together with an

instrument in writing purporting to be the last will and testament of the said Charles N. Mabey, and praying that the said will be proved and allowed and that letters testamentary be ·issued to Charles W. Greene, said Appellant. The said Probate Court thereafter, upon consideration thereof, decreed that said instrument was not the last will and testament of said Charles N. Mabey and then and there denied and dismissed her aforesaid petition. From this decree the said Charles W. Greene, named and appointed executor in said instrument, duly appealed to this Court, which said appeal, together with said instrument itself, which is herewith produced, is now before this Court.

"The said instrument in writing purporting to be the last will and testament of the said Charles N. Mabey, including the attestation clause thereof, is wholly in the handwriting of the said Charles N. Mabey, except the signatures of the witnesses thereto. On the afternoon of the 8th day of July, A. D. 1911, being the day, month and year named in said instrument, David H. Potter, one of the witnesses to said instrument, was in his garage at his place of residence in said Warren, with the other witness thereto, to wit, John P. Brownell, both of whom were intimately acquainted with the said Charles N. Mabey, and the said Charles N. Mabey then came over from his own house, which was nearby, bringing with him a pen, a bottle of ink and the said instrument in writing. He had just previously to that informed the said David H. Potter that he was going to bring his will over to sign and have him, said David H. Potter and the said John P. Brownell, witness it, and the said David H. Potter had thereupon cleaned off a place on the workbench and put a newspaper thereon for the purpose. The said Charles N. Mabey then showed both of them, the said David H. Potter and John P. Brownell, the said instrument in writing and told them that it was his will and that he wished them to be witnesses to it. The said instrument as then shown to them contained all the writing that is now thereon, except the attestation clause thereof and the

signatures of the witnesses thereto. Thereupon the said Charles N. Mabey saying: 'I must first sign this myself,' placed the said instrument upon the newspaper on the said work-bench and then in the presence of the said David H. Potter and John P. Brownell wrote upon said instrument the attestation clause thereof, to wit, these words:

" 'Signed, sealed, published, pronounced and declared by Charles N. Mabey as and for his last will and testament in our presence who have at his request in his presence and in presence of each other hereunto set our names as witnesses.'

"As soon as he had finished writing, first the said witness John P. Brownell and next the said witness David H. Potter, signed their names to said instrument, as said signatures now appear thereon, both in the presence of each other and in the presence of the said Charles N. Mabey. The said Charles N. Mabey thereupon took the said instrument and carried it away with him. He was then over twenty-one years of age and of sound mind and memory."

The appellant's reasons of appeal are as follows: (1) "Said instrument (to wit, said will) was the last will and testament of said Charles N. Mabey." (2) "Said instrument (to wit, said will) should have been proved and allowed by said probate court of Warren as the last will and testament of said Charles N. Mabey." (3) "Letters testamentary should have been issued by said probate court of Warren to said Charles W. Greene." (4) "Said order and decree ought to be reversed."

The statement of facts which is now presented to this court, by way of certification from the court below, is signed by Charles W. Greene, who is named as executor in the will, by Mabel T. Mabey, the widow of Charles N. Mabey, and by Charles B. Mason as guardian *ad litem* of Leon Arthur Mabey, Clinton Lee Mabey and Clayton Ray Mabey, who are the minor children of the said Charles N. and Mabel T. Mabey.

The agreed statement of facts was evidently designed to hasten the disposition of the case and obtain an early settle-

ment of the questions involved with the least possible
expense, all of which would be most desirable if it could be
accomplished in accordance with the law governing such
matters.

The question however arises, in the outset, as to whether
a guardian *ad litem* has any power or authority to make an
agreement stating facts which shall be binding upon his
wards and upon which the court would be justified in enter-
ing a decree.

Courts have always been exceedingly zealous in guarding
the rights and interests of minors. , They have usually per-
mitted guardians and guardians *ad litem* to do such things as
were clearly to the advantage of the ward and when the
advantage to the ward was not clear they have instituted
inquiry and have sometimes referred the question of advan-
tage to a master before giving heed to the agreement of
such guardian. The agreement of the guardian *ad litem* in
regard to mere formal matters such as relate to the speeding
of the cause, as for instance, entering into a stipulation to
transfer the case from one court to another court of like
jurisdiction, has been sanctioned. *Lemmon* v. *Herbert*, 92
Va. 653. On the other hand, courts have refused to permit
a guardian *ad litem* to make an agreement that the decision
in one case shall determine that in another, although the
cases involve precisely the same facts, and the same parties
and substantially the same points of controversy on the
ground that a guardian *ad litem* had but one duty to perform
and that was to defend the suit. *McClure* v. *Farthing*,
51 Mo. 109.

The courts have been practically unanimous in holding
that a guardian *ad litem* can admit nothing against and waive
nothing in favor of his ward, but that the adversary of such
infant must prove his whole case whether it be in law or in
equity and it makes no difference if such admission or waiver
is contained in and forms a part of the answer filed by such
guardian. *Collins* v. *Trotter*, 81 Mo. 275; *Mills* v. *Dennis*,
3 Johns. Ch. 367; *Johnson* v. *McCabe*, 42 Miss. 255; *Litch-*

*field* v. *Burwell,* 5 How. Pr. (N. Y.) 341; *Massie* v. *Donaldson,* 8 Ohio 377; *Schultz* v. *Sanders,* 38 N. J. Eq. 154; *Stinson* v. *Pickering,* 70 Me. 273; *Crain* v. *Parker,* 1 Ind. 374; *Tuttle* v. *Garrett,* 16 Ill. 354; *Holden* v. *Hearn,* 1 Beavan 445; *Claxton* v. *Claxton,* 56 Mich. 557.

The same doctrine has been held by the federal courts. In *Kingsbury* v. *Buckner,* 134 U. S. 650, it was held that a next friend or guardian cannot by admissions or stipulations surrender the rights of the infant and in *White* v. *Joyce,* 158 U. S. 128, the court held that where there are infant defendants, and it is necessary in order to entitle the complainant to the relief he prays that certain facts should be before the court, such facts, although they might be the subject of admission on the part of adults must be proved against infants, and that is also the doctrine which has received the approval and sanction of this court in the case of *Eaton* v. *Tillinghast,* 4 R. I. 276.

If the will of Charles N. Mabey should be held to be a good and valid will, the estate of said decedent would pass to his widow, Mabel T. Mabey, otherwise it would pass, subject to dower and the widow's interest in the personal estate, to the three minor children before mentioned. The questions therefore submitted to this court, under the statement of facts, involve the disposition of the bulk of the decedent's property, that is, whether it shall go to the widow under the will or to the children as heirs at law.

(1) We think that it is clear, under the authorities cited, that a guardian *ad litem* cannot lawfully enter into an agreement stating facts upon which the decision of the court and its decree must be based, and that full proof of all facts which do not clearly appear to the court as advantageous to the infants must be established by proper testimony.

The case is remitted to the Superior Court for further proceedings in accordance with this opinion.

*George L. Cooke,* for plaintiff.

*Charles B. Mason,* for guardian *ad litem.*