JOANNA DUBOIS and her husband

*v.*

JOHN VAN VALEN et al.

[Submitted February 18th, 1901.  Decided February 20th, 1901.
Filed June 4th, 1901.]

1. Where testator gave all his property to his widow for her use, so long as she remained his widow, but, on her marrying, the property to be divided among his children, with power in his executors, of whom the widow was one, to sell the real estate, if the widow's necessities required it, for the benefit of the children, and stating that the omission to give any of his children anything was intentional, the widow took only a life estate, while the children took a vested interest.

2. Where a will gave the executors, of whom testator's widow was one, power to sell or dispose of the real estate, if the widow's necessities required it, for the use and benefit of the children, a mortgage executed by the widow alone, the other executor being alive, is invalid, and cannot be set up to prevent partition by testator's children on the widow's death, she having had a life estate.

3. The will having merely given the executor and executrix power to sell or dispose of the real estate, a mortgage thereof by the widow alone was invalid, since a power to dispose does not include a power to mortgage, and the mortgage could not be set up to prevent partition by the heirs.

On bill for partition.  Final hearing on pleadings and proofs.

This is a bill for partition, among the children and heirs-at-law of Joseph Van Valen and Eliza, his wife, of real estate of which the father, Joseph, died seized.  The complainant is one of those children.  The defendants comprise all the other children who have survived, and also a mortgagee and creditor-at-large of Eliza Van Valen, the widow of Joseph, and certain judgment creditors of John Van Valen, one of the children.

Joseph Van Valen died July 13th, 1876, testate of a will, made two days previously, leaving his widow, Eliza, and eleven children.  She died January 22d, 1900.

The contest is between a mortgagee and creditor-at-large of

Eliza, on the one side, and certain judgment creditors of John Van Valen, one of the sons of Joseph and Eliza, and all of their children, on the other side, and arises out of the will of Joseph. The mortgagee and other creditors of Eliza claim that she took a fee-simple thereunder. The complainant and other children and the judgment creditors of John claim that she took only a life estate.

The effective clauses of the will are as follows:

"I give, devise and bequeath my estate and property, real and personal, as follows, that is to say: to my wife, Eliza Van Valen, all my real and personal property for her use and benefit so long as she remains my widow, but should she marry then the property, real and personal, remaining, shall immediately or as soon as possible be equally divided among my children then living, and if any of my children that were alive at the time of my death shall die before the marriage of my widow, their share shall be divided equally amongst their legal heirs.

"I appoint my wife executrix and Sweeting Miles executor, without bonds, with full power to sell or dispose of my real estate if my wife necessities require it for the use and benefit of the children, the same as I could were I living; the omission to give any of my children anything is intentional."

The executor named still survives, and did not join in the mortgage under which the mortgagee of the widow claims.

*Mr. Peter W. Stagg,* for the complainant.

*Mr. Cornelius B. Harvey,* for the judgment creditors of John Van Valen.

*Mr. Raymond P. Worlendyke,* for the mortgagee of the widow.

*Mr. George R. Dutton,* for the other creditors of the widow.

PITNEY, V. C.

The claim of the mortgagee and creditors of the widow is that, under the will of her husband, she took an estate indeterminate in quantity, from which an estate for life only would result by implication, and not by expression, with an unlimited power of disposition, and hence, under the rule laid down in

*Downey* v. *Borden, 7 Vr. 461,* and many subsequent cases based upon it, she has a fee-simple.

I am unable to adopt that view.

The devise to the widow is during her widowhood, and hence, is no more and no less than a devise for life. It is not less than a devise for life, because it may, at her pleasure, endure for life. It is plainly an express limitation of the estate to her life, and hence, under the rule laid down in *Downey* v. *Borden,* even if there were present a general power of disposition, the estate would still be confined to one for life.

But there is, in this case, no general power of disposition. The only such power is that given to the executors, as such, and Miles, one of them, has survived and never joined the widow in any conveyance or mortgage of the premises here in question. Besides, that disposition is confined to the necessities of the wife for the use and benefit of the children. This was so held in *Stevens* v. *Flower, 1 Dick. Ch. Rep. 340,* and it was remarked by Chancellor McGill, in *Wilson* v. *Wilson, 1 Dick. Ch. Rep. 321,* that, under the rule established in *Downey* v. *Borden,* "the power of disposition or absolute dominion must be given either expressly or by necessary implication. The will must be construed, if possible, so that all parts of it may stand. Hence, if the expression depended upon be susceptible of a fair interpretation that will permit the limitation over to stand, that interpretation should be given to it."

Here the power of disposition is limited to so much of the estate as was necessary for the support of the children, several of whom were, at the date of the will and at the decease of the testator, minors, and some of those helpless.

In my opinion the children of the testator took a vested interest under the will. It was so held in a somewhat similar case, in *Brown* v. *Hammond, Johns. (Eng.) Ch. 210,* and in *Eaton* v. *Hewitt, 2 Drewry & S. 184; 8 Jur. (N. S.) 1120;* and by Sir George Jessel, master of the rolls, in *Underhill* v. *Roden, L. R. 2 Ch. Div. 494 (1876)* ; also in *Bates* v. *Webb, 8 Mass. 458,* and *Ferson* v. *Dodge, 23 Pick. 287.* The case is in marked contrast with *Wooster* v. *Cooper, 8 Dick. Ch. Rep. 682,* and *Benz* v. *Fabian, 9 Dick. Ch. Rep. 615.*

This result is not inconsistent with the last sentence of the

will, which states that "the omission to give any of my children anything is intentional." That expression refers, palpably, to giving them anything *in præsenti*.

Another question arises, as follows: The holder of the mortgage offered to prove that it was given for necessaries furnished to Eliza, and that he is within the equity of the second clause of the will; and leave was reserved to produce that evidence if, upon consideration, I should be of the opinion that the fact, when established, would give validity to the mortgage. But I am unable to take that view. As before remarked, the power of disposition was given to the widow and Sweeting Miles, as executrix and executor, and no authority was cited to me for the position that a mortgage executed by the widow alone to secure necessaries would be within that clause. Moreover, it was recently held by the court of errors and appeals, in *Rutherford* v. *Sanntrock, 15 Dick. Ch. Rep. 471,* that a power to "dispose" does not include a power to mortgage.

I will advise a decree in accordance with these views.