ELIZABETH AGNES TUERK, DEFENDANT IN ERROR, v. ANNA SCHUELER, PLAINTIFF IN ERROR.

Argued July 8, 1904—Decided December 9, 1904.

Where lands are devised to A in language indeterminate as to the quantity of the estate, and an express power is at the same time given to A to dispose of the same without qualification, such devise passes the fee to A, and a devise over of what is left at A's death to B is void. Following *Downey* v. *Borden,* 7 *Vroom* 460.

---

On error to the Supreme Court.

For the plaintiff in error, *John J. Crandall.*

For the defendant in error, *George A. Bourgeois.*

The opinion of the court was delivered by

PITNEY, J. This is an action of ejectment, and turns upon the force and effect to be given to the will of Christian Wey, a former owner of the lands in question, under whom both the present parties claim title. Among other provisions not inconsistent therewith, the will contains the following clause, viz.: "I give, devise and bequeath all my property, real and personal, to my beloved wife, Anna Margaretha Wey, she to have full disposing power of the same, to sell, lease or dispose of the said property, real and personal, as she desires, and what is left at her death of said property, real and personal, I give, devise and bequeath to my grand-daughter, Anna Schueler."

Mrs. Wey died without disposing, in her lifetime, of the lands in question. She left a will devising them to Elizabeth Agnes Tuerk, the defendant in error. The latter recovered judgment on the ground that the will has the effect of a devise in fee to Mrs. Wey, the first taker, and that the devise over to Anna Schueler is void.

In our opinion, this result necessarily follows from the rule of construction announced by this court in *Downey* v. *Borden*, 7 *Vroom* 460, a rule long and firmly established in the courts of England and adhered to in repeated previous adjudications in this state. In that case Mr. Justice Depue used this language (at *p.* 466): "The distinction is between a devise expressly for life with a power of disposition annexed, and a devise in general terms with such a power annexed. In the former case an estate for life only passes; in the latter a fee. As a rule of construction, the principle is entirely settled that where lands are devised, in the first instance, in language indeterminate as to the quantity of the estate, from which an estate for life would result by implication, and words adapted to the creation of a power of disposal without restriction as to the mode of execution are added, the construction will be that an estate in fee is given; but where the quantity of the estate of the taker is expressly defined to be for life, the superadded words will be construed to be the mere gift of a power of disposition."

Subsequent decisions illustrating the same distinction are *Pratt* v. *Douglas,* 11 *Stew. Eq.* 516, 533; *McClellan* v. *Larchar,* 18 *Id.* 17; *Wooster* v. *Cooper,* 8 *Dick. Ch. Rep.* 682; *Benz* v. *Fabian,* 9 *Id.* 615; *Wooster* v. *Fitzgerald,* 32 *Vroom* 368.

Applying the rule to the language of the will before us, there can be no doubt that Mrs. Wey took an estate in fee-simple. It is strenuously argued that this defeats the expressed intent of the testator that Anna Schueler should take the property at Mrs. Wey's death if she did not dispose of it in her lifetime. But while full force should be given to the intent of the testator, yet that intent must be gathered by the application of known rules of construction and interpretation, established by oft-repeated and long-standing adjudications.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHANCELLOR, DIXON, GARRISON, FORT, PITNEY, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN. 11.

*For reversal*—None.