# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

**NOVEMBER TERM, 1913**

GILBERT M. DEATS, administrator, respondent,

*v.*

AUGUST ZIEGENER, administrator, appellant.

[Argued July 2d, 1913.   Decided December 4th, 1913.]

By a testamentary gift of residuary real and personal estate, in mass, to the testator's wife "for her sole use and benefit for and during her lifetime" the beneficiary takes only a life interest in the personalty, and this is so even though the will contains no gift over after her death.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Garrison.

*Mr. Merritt Lane,* for the appellant.

*Messrs. Hartshorne, Insley & Leake,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

Frank L. Landers died in 1904 leaving a last will and testament in and by which, after a specific devise of realty to his mother, he disposed of the residue of his estate as follows:

> "I give and bequeath unto my wife Ella Landers all the rest, residue and remainder of my property, both real and personal, of every name and nature wherever situated, for her sole use and benefit for and during her lifetime,"

and then constituted his wife sole executrix. She died in 1909, and the purpose of the present litigation is to have it judicially determined whether, under the residuary clause of testator's will, Mrs. Landers became the absolute owner of his personal estate, or whether upon her death it went to his next of kin.

It is to be observed that the residuary clause under consideration deals not only with the testator's personal estate, but also with that portion of his real estate remaining after the devise to his mother; and, further, that he mingles the two and disposes of them as a unit. It would seem clear that by doing so he intended that his wife should take the same interest in the one as in the other, and this is made certain by the fact that he expressly declares that the limitation of her enjoyment to the term of her life shall be applicable to the whole residue, personal as well as real.

That the interest which the wife took in the realty of her husband under this residuary clause is a life estate is, of course, plain; and this would be the case even if a power of disposition had been annexed to the devise. *Downey* v. *Borden, 36 N. J. Law* (*7 Vr.*) *460; Pratt* v. *Douglas, 38 N. J. Eq.* (*11 Stew.*) *516; Wooster* v. *Cooper, 53 N. J. Eq.* (*8 Dick.*) *682; Robeson* v. *Shotwell, 55 N. J. Eq.* (*10 Dick.*) *318; S. C. on appeal, 55 N. J. Eq.*

(*10 Dick.*) *824.* And the fact that the will contains no devise over after the death of the wife cannot enlarge her estate; if she dies without executing the power the lands descend to the heirs-at-law of the testator. *Crossling* v. *Crossling, 2 Cox 895.*

It is said, however, that there is a diversity between the rules of construction relating to bequests of personal property for life, and those which govern in like devises of real estate; that according to those rules a testamentary gift of personalty to a beneficiary for his life clothes him with the absolute ownership of the subject of the gift, unless there is a further express disposition of it after his death; and it is argued from this that, although it is unquestionable that the testator in the present case intended that his wife should take exactly the same interest in his personal estate that she should take in his realty, these rules of construction prevent this intention from being carried into effect. This argument seems to us to be unsound. Conceding, for the purposes of discussion, that a testator, dealing separately with his personal estate, will be considered as vesting the absolute ownership thereof in his beneficiary, although he expressly declares in his will that only a life interest therein shall pass, unless he further provides for its devolution to named persons upon the death of the first taker, this is not the law of this state when he mingles his real and personal estate in a mass and disposes of it as a unit. In such a case the plain intent of the testator is given effect. The beneficiary, taking only a life estate in the realty, takes only the same interest in the personalty. In *Pratt* v. *Douglas, supra,* where the testator left his residuary real and personal estate to his wife for her life with full power to dispose thereof, Mr. Justice Depue, speaking for this court, after declaring that a devise of lands expressly for life would not be enlarged to an estate in fee even when words conferring upon the devisee power to convey a fee were superadded to the devise, declared that *"the same rule of construction is applicable to bequests of personal estate,"* (at *p. 533*). In the case of *Wooster* v. *Cooper, supra* (on *p. 683*), we, in considering a similar testamentary disposition of real and personal property, again declared that where the interest of the wife is limited by certain

and express words to her life only, those words of limitation apply equally to the personal as to the real estate. To the same effect is *Robeson* v. *Shotwell, supra.* It is true that in each of these cases there was a gift over of the residuary estate upon the death of the first taker, but that was not considered of importance in determining the intention of the testator. That intention was found to be settled beyond doubt by the words of the limitation, and, having been ascertained, was given effect in accordance with the primary rule observed in the construction of wills, viz., that the intention of the testator as exhibited by the will shall prevail.

It is said that the early case of *Kay* v. *Executors of Kay, 4. N. J. Eq. (3 Gr. Ch.) 495,* is opposed to this view. It is not at all clear to us that the decision is not in harmony with the later ones of this court just mentioned. By the will which was then before the court of chancery for construction the testator left to his son Josiah the one equal undivided eighth part of his residuary real and personal estate "during his natural life, but not to have and to hold in fee-simple, *and at his decease to descend to his legal heirs-at-law."* The chancellor, in an opinion of five lines, held that Josiah took an absolute interest in the estate. Why the learned jurist reached that conclusion is not stated in the opinion, but it is probable that he was convinced by the argument of counsel (which is published as part of the case) that the devise of the real estate created an estate tail at common law, and that it was the intention of the testator that his son should take a similar interest in the personalty; and that as, at common law, words creating an estate tail in lands passed the whole interest in chattels, the construction afterward adopted by the chancellor would declare the true intent of the testator. If the ground of decision was that suggested by counsel, it is not in opposition to the rule laid down in *Pratt* v. *Douglas,* and followed in our later decisions. If it is to be considered as authority for the broad doctrine that by a testamentary gift of real and personal property in mass for life, the beneficiary takes an absolute ownership of the personalty, notwithstanding the limitation, it must be held to have been overruled by the above-cited decisions of this court.

The conclusion reached by the vice-chancellor in the present case was that by the testator's will his wife took merely a life interest in his personal estate, and that, there having been no further disposition made of it by his will, it must go at her death to those persons who were entitled to it under the statute of distributions. In this conclusion we concur.

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER—13.

*For reversal*—None.