EDWARD F. DUNCAN, respondent,

*v.*

MARY MURPHY et al., appellants.

[Decided June 20th, 1921.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming, who filed the following opinion:

"This suit involves the construction of the second clause of the will of Louisa Bornmuller, which clause reads as follows·

" 'Item:   All of my estate of whatsoever kind and nature and wheresoever situate, I give, devise and bequeath to my friend, Edward F. Duncan, for his use, comfort and maintenance during the term of his natural life; and after his death I give, devise and bequeath my said estate or the residue thereof to my two daughters, Mary Murphy and Annie Hall, in equal shares, to them, their heirs and assigns forever.'

"The contention of complainant is that Edward F. Duncan is by this clause of the will given not only a life estate in the real and personal property of testatrix but also the right to sell part or all of the real and personal property and to use the proceeds of sale for his own benefit when such sale should be found necessary to provide for his own support.

"The personal property consists of a few household furnishings of no substantial value.   The real estate is of small value and produces a gross rental of approximately $20 per month.

"It will be observed that the devise and bequest is expressly for life. In consequence the decisions relating to devises and bequests, in language indeterminate as to the quantity of the estate, are without application. It is not here claimed that the devisee enjoys a fee.

"The claim is that the gift over of the 'residue' taken in connection with the other language used discloses an intent upon the part of testatrix to empower the devisee to convert so much of the real estate and personal property into cash by its sale as may be found necessary to provide suitable support for the devisee.

"The various decisions relating to the force to be given to language which may imply a right to sell and appropriate the proceeds of sale in a gift which is expressly for life and which is followed by a gift over of the residue will be found to be almost uniformly resolved on the special circumstances of each case. Where the gift has been of personal property only, the word 'residue,' or 'remainder,' contained in the gift over, has been deemed to refer only to possible loss from use or from shrinkage of investments, and, in consequence, importing no right of the life tenant to sell; where the gift has been wholly of real estate there appears to have been no escape from the conclusion that the 'residue,' referred to in the gift over, related to land not disposed of by the devisee, and, in consequence, imported a right upon the part of the life tenant to sell. *Bryan* v. *Bryan, 61 N. J. Eq. 45,* was of that nature. But where the gift has included both real and personal property greater difficulties have been presented which have been as a rule resolved on some special feature of the case, the tendency apparently being to regard the words 'residue,' or 'what remains,' contained in the gift over, as referring to loss or shrinkage of the personalty arising from use or depreciation of investments, in the absence of anything indicating to the contrary in any part of the will. *Richards* v. *Knight, 64 N. J. Eq. 196,* was of that class, although in that case the words 'what shall remain,' as there used in one clause of the will, was deemed to refer to the personalty by appropriate grammatical construction.

"In the present case the gift to the first taker is of both real

and personal property; it is expressly for life; the gift over is of the 'residue thereof,' and no specific gift is made of any part of the property which would create a 'residue thereof.' Testator thus clearly anticipated some diminution of the amount of the property during the period of the life tenancy, and that diminution could only be at the hands of the life tenant. Did testatrix refer to the ordinary diminution of the personalty by its use by the life tenant—there was no personalty that could suggest shrinkage of investments, since it consisted wholly of household equipments—or did she intend that the legatee and devisee should enjoy the right to appropriate such part of the gift as should be found necessary for his maintenance? I think the language of the will considered as a whole fully discloses the latter intent. The gift is of the entire estate of testatrix and is defined by testatrix to be for 'his use, comfort and maintenance during the term of his natural life.' The gift over of the residue, read in connection with the expressed purpose of testatrix that the gift to the life tenant should be for his maintenance, appears to me to impel the conclusion that testatrix intended that the life tenant should be privileged to have the property so given applied to his use to whatever extent might be found necessary for his maintenance. Indeed, the gift included so insignificant an amount of personalty that any suggestion that the word 'residue' may have referred to its depreciation from use seems wholly inappropriate.

"The evidence at the hearing adequately disclosed that the life tenant at this time is too feeble to work and is in positive need and that a sale of the entire property is necessary for his maintenance. In these circumstances he should be privileged to sell the real and personal estate, to the end that the proceeds of sale may be applied to his support.

"In *Schubert* v. *Wood, Executor* (unreported), by opinion filed December 27th, 1918, I had occasion to point out the rights of the respective parties in interest in similar circumstances. I there said:

" 'But such power of disposition does not, in itself, destroy the estate over. In such circumstances the estate over is a vested remainder, so far as the quality of the estate is concerned, to

the same extent as though no power of disposal had been conferred upon the life tenant; the power of disposal is operative on the possibility of enjoyment in possession by the remainderman, and in no way upon the enjoyment in right. For the quality of a vested estate in remainder see *Voorhees* v. *Singer*, *73 N. J. Eq. 532.*·

"I will advise a decree in conformity with the views herein expressed."

*Mr. Austin H. Swackhamer*, for the respondent.

*Messrs. Avis & Avis*, for the appellants.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor ·Leaming.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER—11.

*For reversal*—SWAYZE, BERGEN—2.