This case practically involves the construction of a will and is a suit on counter-claim for specific performance. The *Page 223 
complainants allege that one Regina Sternlicht, a predecessor in title of the defendants, neither owned nor had any power to convey a fee-simple in the premises in question. She acquired title through the will of her husband, who died leaving a will, the fifth and six paragraphs of which are as follows:
"Fifth. I give, devise and bequeath to my beloved wife, Regina Sternlicht, all the rest, residue and remainder of my Estate, real and personal, wheresoever and whatsoever, of every kind and description to her own use during her natural life.
"Sixth. I direct my beloved wife to make a satisfactory arrangement after her decease, that all the property hereby devised or bequeathed to her as aforesaid, or so much thereof as may then remain unexpended to divid the same between my Familie and her Familie share and share alike, or according her will."
The question is whether, having given his wife a life interest in his estate, and then in the following clause having stated that "all the property hereby devised or bequeathed to her as aforesaid, or so much thereof as may then remain unexpended to divid," and so forth, this gives Regina Sternlicht implied power of sale? I am satisfied that it does.
The evidence produced before me convinces me that the widow, Regina Sternlicht, was in actual need, and it was necessary for her to sell some part of her estate for her support and maintenance.
Under the cases, therefore, it appears to me that there is a clear power of sale implied by the terms of the will. Duncan v.Murphy, 92 N.J. Eq. 682. In this case the court of errors and appeals affirmed Vice-Chancellor Leaming and adopted his opinion. The vice-chancellor says: "The evidence at the hearing adequately disclosed that the life tenant at this time is too feeble to work and is in positive need, and that the sale of the entire property is necessary for his maintenance. In these circumstances he should be permitted to sell the real and personal estate, to the end that the proceeds of sale may be applied to his support."
I think that this applies to the case at bar, and I will, therefore, advise the decree for specific performance. *Page 224