HOWARD TRAFTON, as substitutionary administrator with the will annexed of the last will and testament of Emma J. Dunkerley, deceased, complainant-appellant,

*v.*

EMMA L. BAINBRIDGE and THE HAMILTON TRUST COMPANY OF PATERSON, NEW JERSEY, defendants-respondents.

[Submitted February 17th, 1939. Decided May 15th, 1939. ]

*Messrs. Hannoch & Lasser* (*Mr. Aaron Lasser* and *Mr. William S. Myers*), for the complainant, appellant and cross-respondent.

*Mr. Albert Comstock,* for the defendants, respondents and cross-appellants.

The opinion of the court was delivered by

DONGES, J.

These are cross-appeals from a decree of the court of chancery dismissing the bill of complaint and allowing counsel fees. The bill was filed by the substitutionary administrator with the will annexed of Emma J. Dunkerley and charged that assets aggregating approximately $10,000, which had comprised part of the estate of Emma J. Dunkerley, and in which William George Dunkerley possessed only a life interest by the terms of his wife's will, had been distributed to Emma L. Bainbridge as if William George Dunkerley had been the absolute owner of such property. The defendants named were Hamilton Trust Company of Paterson, New Jersey, executor of the will of said William George Dunkerley. and Emma J. Bainbridge, residuary legatee and devisee under said will.

Mrs. Dunkerley died on September 11th, 1930, and her husband died on January 25th, 1936. Apparently after his death his executor, Hamilton Trust Company, turned over to the complainant some of the property which he had received under his wife's will, but not all of it. There seems at present to be no controversy over what property or what sums are involved, but merely a question as to the construction of Mrs. Dunkerley's will.

The sections in question are as follows:

*"Third:* All the rest, residue and remainder of my estate real and personal of whatsoever nature and wheresoever situate I give devise and bequeath to my husband William George Dunkerley for his sole use and benefit during his life with full right and power to sell transfer and convey the same and use the whole or any part of said estate principal or interest, or the proceeds for his own use and benefit in any manner he may deem proper, the intention hereof being that he shall at all times use and enjoy the whole or any part of my said property or estate the same as if this devise and bequest was absolute.

*"Fourth:* At the decease of my said husband, I then give, devise and bequeath so much of said estate and property as shall remain, one-third thereof to my nephew Howard Trafton, one-third to my nephew Clifford Trafton, and one-third to the children of my nephew, Clifford Trafton; in case of the death of either nephew, his share to go to his children if any or if none to the other nephew or his children; in case of the death of the children of Clifford Trafton their share to be given to the said Clifford Trafton or if he be dead then to Howard Trafton or his children."

Clifford Trafton died before Mr. Dunkerley, so that if the fourth paragraph is operative, the remainder of Mrs. Dunkerley's estate goes one-third to Howard and one-third to each of the children of Clifford, namely Allen and Janice Trafton, infants.

The motion to strike the bill was upon the ground "that under the 'Third' clause of the will of Emma J. Dunkerley, deceased, her husband, William George Dunkerley, now deceased, took an estate in fee and became the absolute owner of said residuary estate, and the subsequent limitation over contained in the 'Fourth' clause of said will is void as inconsistent with the right of said William George Dunkerley; and, also because a fee cannot be limited after a fee."

The court below granted the motion to strike the bill, hold-

ing "that the uncontrolled power of disposition in the first taker creates absolute ownership, and that the limitation over is void as totally inconsistent with the rights of the first legatee." He relied upon *Briggs* v. *Faulkner, 120 N. J. Eq. 1,* and quoted therefrom:

"It is an old legal principle that a fee cannot be limited over after a fee (*Tooker* v. *Tooker, 71 N. J. Eq. 513*) and 'it is a fixed rule of construction in this state as to testamentary gifts either absolute in form or in form indeterminate as to quantity of the estate given, that, if testator either expressly or by implication, manifests an intent to vest in the first devisee, or legatee, the uncontrolled power of such disposition of the property, such power embraces the quality of absolute ownership, and a subsequent limitation over is void, as inconsistent with the right of the first devisee or legatee.' "

It is to be noted that it was there stated that this rule is to be applied where the gift is "either absolute in form or in form indeterminate as to quantity of the estate given." That is the question which must first be determined before applying the rule.

The court of chancery then went on to say "while there are many cases which, in principal, appear to run counter to the rule above mentioned, among which is *Downey* v. *Borden, 36 N. J. Law 460* * * *," the use of the language "the intention hereof being that he shall at all times use and enjoy the whole or any part of my estate the same as if this devise and bequest was absolute" is a distinguishing feature and takes the case out of the holding in *Downey* v. *Borden.*

We are of the opinion that the learned vice-chancellor fell into error and that there is no conflict between the line of cases he relied upon and those that follow *Downey* v. *Borden, supra,* such as *Wooster* v. *Cooper, 53 N. J. Eq. 682.* The rules are different and clearly distinguishable, the test being whether the gift is absolute in form or indeterminate and indefinite, on the one hand, or whether it is clearly intended to be a life estate, on the other hand. In *Briggs* v. *Faulkner, supra,* the gift was "all the rest, residue and remainder of my estate both real and personal, whatsoever and wheresoever, I give, bequeath and devise unto my daughter." There

was no gift of a life estate there, but one absolute in form and the rule was properly applied and the gift held to be one in fee.

Certain legal rules have been established to govern testamentary dispositions of the kind here presented. These are (1) Where there is a devise or bequest of property to A, in terms indicating clearly that a fee-simple estate is intended to be given, a fee passes; and a subsequent provision for a gift to B, at A's death, of the same property—either the whole thereof or whatever remains—is invalid and passes nothing. *Annin's Ex'rs* v. *Van Doren's Adm'r, 14 N. J. Eq. 135; McClellan* v. *Larchar, 45 N. J. Eq. 17; Bennett* v. *Association, &c., for the Friendless, 79 N. J. Eq. 76; Gaston* v. *Ford, 99 N. J. Eq. 592*. This rule cannot govern the situation presented by the instant case because, obviously, paragraph three of the will does not in terms clearly indicate that a fee-simple estate is intended to be given.

(2) Where the first bequest or devise to A is in terms indicating clearly that only a life estate is intended to be given, only a life estate passes, notwithstanding there be also given to A a power of absolute disposal of the property, even if such power be without any limit or restriction as to the time or manner of its execution, A does not take a fee, but a life estate plus the power of disposal, and a subsequent gift to B, at A's death, of such part of the property as remains undisposed of, is valid and effective. *Pratt* v. *Douglas, 38 N. J. Eq. 516; Wooster* v. *Cooper, supra; Weaver* v. *Patterson, 92 N. J. Eq. 170; Gaston* v. *Ford, supra.*

(3) Where there is a devise or bequest to A in general terms only, expressing neither a fee nor a life estate, and a subsequent devise of the same property—either all or part thereof—to B at A's death, if there is also given to A an unlimited and unrestricted power of absolute disposal, the devise or bequest to A is construed to pass a fee, and the gift over is invalid. *Downey* v. *Borden, supra; Tuerk* v. *Schueler, 71 N. J. Law 331; Hyde* v. *Hyde, 88 N. J. Eq. 358; Gaston* v. *Ford, supra.*

The question presented by this appeal is, which of these latter two rules should be applied to the language of the will

of Mrs. Dunkerley above quoted? If the gift to her husband was "in general terms only" and was "in form indeterminate as to quantity of estate given," then a fee passed to him and the gift over was invalid as inconsistent therewith, and the decree should be affirmed. On the other hand, if the will is in "terms indicating clearly that only a life estate is intended to be given," then the gift over was good and the bill should not have been dismissed.

We are of the opinion that there was a gift of a life estate to Mr. Dunkerley, only. The gift was "for his sole use and benefit during his life," with power of sale and disposition. In *Deats* v. *Ziegener, 82 N. J. Eq. 605,* there was a gift of the residue to testator's wife "for her sole use and benefit for and during her lifetime," language almost identical with that in Mrs. Dunkerley's will, and the court of errors and appeals, speaking through the late Chief-Justice Gummere, said: "That the interest which the wife took in the realty of her husband under this residuary clause is a life estate is, of course, plain; and this would be the case even if a power of disposition had been annexed to the devise." He then goes on to hold that personal property is subject to the same rule of construction. We think it clear that the language of the will gave a life estate and that the gift was not absolute in form or indeterminate as to quantity. An examination of the language of the wills in the cases relied upon by the respondent discloses that in all of them there was a gift that was absolute in form or indeterminate, and that none of them could possibly be construed to pass a life estate. Such is not the situation here.

It is argued further on behalf of the respondents that the use of the words "the intention hereof being that he shall at all times use and enjoy the whole or any part of my estate, the same as if this devise and bequest was absolute" indicates an *intention* to give an estate in fee, and that the duty of the court is to ascertain the intention and carry it out, if possible. However, intention is to be gathered from a reading of the entire will and not from isolated portions thereof. *Kutschinski* v. *Sheffer, 109 N. J. Eq. 659.* Reading these two paragraphs together, we gather clearly an intention to

give a life estate and not an estate in fee. Otherwise, all of paragraph four is without meaning. The words last above quoted, we think, apply rather to the quality of the life estate which testatrix desired her husband to have, and should not be construed to operate to enlarge the gift to one in fee. She wanted him to have a life estate with the most free and complete control over it and enjoyment of it possible, but a life estate nevertheless, and no more.

In the situation here presented, we think the line of cases following *Downey* v. *Borden, supra,* is applicable and cannot be distinguished. In *Wooster* v. *Cooper, supra,* the late Chief-Justice Gummere, speaking for this court, said:

"The rule that a devise of an estate, generally, with a power to dispose of the same absolutely and without limitation imports such dominion over the property that an estate in fee is created, and that a devise over is consequently void, has one exception, which is this: That where the testator gives an estate for life only, by certain and express words, and annexes to it such a power of disposal, the devisee for life will not take an estate in fee.

"This exception was recognized and enforced by this court in the case of *Downey* v. *Borden, 7 Vr. 460,* and again in the case of *Pratt* v. *Douglass, 11 Stew. Eq. 533,* and in the latter case it was declared to apply to bequests of personal estate as well as to devises of realty. These cases have definitely settled the law on this subject in New Jersey, and the propriety of the rule laid down in them is no longer open to discussion."

That statement of the law is applicable here because, to repeat, the will gave to Mr. Dunkerley "an estate for life only, by certain and express words" and did not make a gift "either absolute in form or in form indeterminate as to quantity of estate given."

The remaining point argued on the appeal of the complainant concerns the allowance of a counsel fee in the sum of $1,200 to the solicitor for the defendants-respondents. The matter came on by motion to strike the bill. No hearings were had and no evidence was presented. The facts were not in dispute and a single and narrow question of law was pre-

sented. The amount in dispute is said to be in the neighborhood of $10,000. Under the circumstances, we conclude that the fee allowed was excessive and should be reduced to $500.

The defendants' appeal also concerns the allowance of fees. The complaint of defendants was that the fees were directed to be paid out of the fund in the possession of the defendants which complainant sought to obtain by the filing of the bill. Defendants say the fees should have been ordered paid out of that part of the estate of Mr. Dunkerley which the executor did turn over to the complainant, which defendants have taken no steps to recover. In view of the result reached above on the main point, this appeal becomes academic and the briefs so admit.

The decree dismissing the bill of complaint is reversed, and the cause remanded for further proceedings not inconsistent with this opinion. The appeal of the defendants is dismissed.

No. 214 with No. 240—
*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

No. 240 with No. 214—
*For dismissal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.