One John C. Anderson died on June 9th, 1931, having duly executed a will and testament which embodied the following articles:
"Third: All the balance of my estate, real, personal or mixed, whatsoever and wheresoever, I give, devise and bequeath to my wife, Mary J. Anderson, for and during the term of her natural life, with full power of sale, either public or private, of so much thereof as may be necessary for her comfort and support, and at her decease the balance to go and belong to my two children, Orville and Raymond, share and share alike.
"In case of the death of either or both, the issue of either or both to take the parents share.
"Fourth: In case of the remarriage of my wife, my will is that any sales of property, real or personal, that may be necessary because of her illness or actual necessities, be made only by and with the advice and conference of our said children.
"Fifth: I constitute and appoint my said wife, Mary J. Anderson executrix of this will."
The will was admitted to probate and the testator's widow, Mary J. Anderson, has qualified as executrix. She has addressed a bill to the Chancellor in which she asserts that she is gravely in need of money "for her comfort and support," and that she has an opportunity to sell a portion of the real estate embraced by the residuary clause of the testator's will for $6,300. The prospective purchaser is skeptical of the right or power of the complainant to effectually consummate the conveyance. Hence, the complainant prays for an adjudication determinative of the character and quality of her interest and estate in the property devised by the testator under the provisions of the third paragraph of his will and of her power to unexceptionably accomplish the proposed sale.
The estate devised to the complainant in the residue of the real estate was manifestly one "for and during the term of her natural life." She has only a life estate plus the specific power of disposal. Trafton v. Bainbridge, 125 N.J. Eq. 474;6 Atl. Rep. 2d 209. *Page 313 
An investigation of the propriety of the particular sale now in contemplation necessarily involves a knowledge and consideration of the pertinent factual circumstances. A life tenant such as the complainant, with or without the power of disposal, incurs the obligations of a trustee for the remaindermen. Hunt v. Smith,58 N.J. Eq. 25; 43 Atl. Rep. 428; Trafton v. Bainbridge,supra. In the existing proceedings, one of the remaindermen is an infant represented by a guardian ad litem. All parties to this cause who are of full age have refrained from answering the bill. The guardian ad litem has filed an answer on behalf of the infant defendant in which he controverts the power of the complainant to sell such a portion of the real estate.
The guardian ad litem and the solicitors for the complainant have subscribed to a stipulation of facts upon which the decision of the court and its decree is to be based. Although motivated, undoubtedly, by an inclination to economize the expense and accelerate the decision of the cause, the guardian ad litem
lacks authority to admit by stipulation any of the foundational facts.
While the rights of infants are not essentially superior to those of adults, a responsibility to observe and protect the rights of infants is assumed by the courts. Adults must protect their own. In re Shreve, 87 N.J. Eq. 7; affirmed, Ibid. 710;103 Atl. Rep. 683.
It is the accredited rule that ordinarily a suitor who seeks relief in litigation, at law or in equity, against an infant defendant, must prove the requisite elements of his cause of action. Admissions which are disadvantageous to the rights of the infant are not to be inferred from the default of the infant, nor are they to be derived from the answer of the guardian ad litem.Shultz v. Sanders, 38 N.J. Eq. 154; affirmed, Ibid. 293;Caruso v. Caruso, 101 N.J. Eq. 350, 357; 139 Atl. Rep. 812;Weining v. Sellitto, 121 N.J. Eq. 60; 187 Atl. Rep. 368;affirmed, 121 N.J. Eq. 613; 192 Atl. Rep. 233.
Lord Coke remarked, "Reason is the life of law." The imperative duty of the court to guard the rights of infants also embraces the engagement to prevent guardians from bargaining away the interests of their wards. Middleditch v. *Page 314 Williams, 47 N.J. Eq. 585, 588; 21 Atl. Rep. 290; 1 Daniell'sCh. Pr. 75. In what more efficient manner can the court achieve this end than by requiring the production of proof of the material facts? The fulfillment of this obligation should not be regarded as discharged merely upon the degree of confidence of the court in the diligence, integrity and judgment of the guardian ad litem, and in the latter's informal ascertainment and consequent understanding and summarized stipulation of the influential facts. Moreover, it is not supposed that a guardianad litem would desire to subject his discovery, acceptation and revelation of the facts to some eventual refutation.
Reason therefore underlies the rule that while a guardian adlitem may act for his infant defendant in acknowledging service of notices and orders in the cause, consent to references, dates for final hearings, continuances and any arrangements designed to expedite or facilitate the presentation of the cause for decision, and may doubtless stipulate facts favorably sustaining the interests of the infant, yet he cannot admit, without formal proof, the verity of matters of fact disserviceable and disadvantageous to the advocacy of the interests of the infant.Caruso v. Caruso, supra; Kingsbury v. Buckner, 134 U.S. 650;33 L.Ed. 1047, 1048, 1059; 27 Am. Jur. tit. "Infants" §§ 124,129.
In the present cause, it is evident that the stipulation of facts was adopted as a means of hastening the disposition of the case at the least expense, which is a purpose most desirable if it could be accomplished in accordance with the law. The pertinent authorities, however, seem to unite in the conclusion that suits in which the interests of infant parties are to be resolved upon matters of fact such as here involved, are not ordinarily appropriate controversies to be submitted to the court upon an agreed statement of the facts. Greene v. Mabey,35 R.I. 11; 85 Atl. Rep. 118; Ann. Cas. 1915 A. 1290; 2 Am. Jur. tit."Agreed Case" § 7; Cf. Wiley v. Morris, 39 N.J. Eq. 97.
Formal proof of the relevant facts in this cause may be introduced on any motion day upon notice to the guardian adlitem. *Page 315