Henry E. Chubb died February 26th, 1927, leaving a last will and testament duly probated, in which he named his wife, Ida G. Chubb, as executrix. His wife having renounced, the complainant, Cranford Trust Company, was granted letters of administration with the will annexed.
The testator in his will, in the third paragraph thereof provided:
"All the rest, residue and remainder of my property, both real and personal, which remains after the payment of my just debts and funeral expenses, I give, devise and bequeath to my wife, Ida G. Chubb."
Following that paragraph, he provided:
"IV. Should my wife Ida G. Chubb, die seized and possessed of any of the property devised and bequeathed to her in paragraph `III' hereof, and said property amount to Three Thousand ($3,000) Dollars or over, then in that event, I give, devise and bequeath the sum of One Thousand ($1,000) Dollars each, to each of the following persons:
"To Walter H. Chubb, my brother of Cleveland, Ohio.
"To Helen A. Herrick, my sister of Cleveland, Ohio.
"To Jennie Chubb, widow of Frank W. Chubb, of Minneapolis, Minn.
"V. Should my wife die seized and possessed of any of the property devised and bequeathed to her in paragraph `III' hereof, and said property does not amount to Three Thousand ($3,000) Dollars, then in that event, I give, devise and bequeath to each of the aforesaid persons in paragraph `IV' hereof an equal one-third share of said property.
"VI. Should my wife die seized of any of the property devised and bequeathed to her in paragraph `III' hereof, and said amount of property exceed Three Thousand ($3,000) Dollars, the amount of the legacies as provided in paragraph `IV' hereof, then in that event, I give, devise and bequeath one half of said amount of property in excess of Three Thousand ($3,000) Dollars to the aforesaid Walter H. Chubb, Helen A. Herrick and Jennie Chubb, share and share alike, and the remaining one-half of said amount of property in excess of Three Thousand ($3,000) Dollars, my wife may dispose of as in her good judgment, she may see fit.
"VII. Should either of the aforesaid Walter H. Chubb or Jennie Chubb be deceased at the time of the death of my wife, then in that event, I give, devise and bequeath such share of my property as said deceased would have received hereunder to the heirs of such said deceased, or to such persons as the said deceased may have designated by last will and testament. *Page 268 
"VIII. Should my sister Helen A. Herrick be deceased at the time of the death of my wife, then in that event, I give, devise and bequeath such share of my property as she would have received hereunder if alive, to the two daughters of Chubb Herrick, share and share alike, or to the survivor of them.
"IX. It is my desire, and I so request my wife to expend for her support until used up, such moneys as she may receive from insurance on my life before resorting to, or expending any of the other property devised and bequeathed to her hereunder for that purpose.
"X. I authorize and empower my executrix to mortgage or sell any and all of my real and personal property, and to execute and deliver any and all papers and documents necessary to so do."
Ida G. Chubb died intestate, a resident of this state May 31st, 1942, and the complainant was appointed administrator of her estate on August 19th, 1942.
A large part of Mrs. Chubb's estate consists of assets bequeathed to her by her husband and which remained unexpended at the time of her death. The defendants are those who make claim under paragraphs four to eight, inclusive.
The bill of complaint seeks the instruction of the Court and the construction of the will of Henry E. Chubb.
The decision of this matter rests upon the principle, that if the testator, either expressly or by implication, manifested an intention to vest in his wife the uncontrolled power of disposing of the property, such power involves the idea of absolute ownership, and the limitation over is void, as inconsistent with her rights. The uncontrolled power of expenditure if given to his wife necessarily implies absolute ownership as fully as the power of disposing of it. This difficulty could only be overcome if the testator limited the right of expenditure to so much as may be necessary for the support of his wife. Annin's Ex'rs v.Vandoren's Adm'r, 14 N.J. Eq. 135, 144.
It is argued on behalf of some of the defendants that by the ninth clause the testator intended to give a life estate to his wife for her support, when he said:
"It is my desire, and I so request my wife to expend for her support until used up, such moneys as she may receive from insurance on my life before resorting to, or expending any of the other property devised and bequeathed to her hereunder for that purpose." *Page 269 
Construing the will as a whole, this clause cannot be construed as anything more than the expression of a request and a desire. It certainly was not the intention of testator to provide only for the support of his wife. The paragraphs of his will four to six, inclusive, indicate that she was to have unlimited power of expenditure. As was said in Annin's Ex'rs v. Vandoren's Adm'r,supra: "* * * If the legatee had seen fit to expend the whole of the legacy in a style of living totally distinct from that to which she had been accustomed in her father's house, there would have been no power in this court or elsewhere to prevent it. The unlimited power of expending the legacy involving the idea of absolute ownership as fully as the absolute power of disposing of it, a gift over of so much of the legacy as remains unexpended is tantamount to a gift of so much as remains, or so much as remains undisposed of. All the expressions involve the idea that the legatee should expend or dispose of the money as she sees fit, in other words, that she has the right of absolute ownership. * * *"
The gift of the additional power of absolute disposal need not be in express language — it may be construed by implication.Gaston v. Ford, 99 N.J. Eq. 592; 133 Atl. Rep. 531.
Adjudicated cases dealing with words or expressions held to imply a gift of unlimited power of absolute disposal are collected by Vice-Chancellor Buchanan in Weaver v. Patterson, 92 N.J. Eq. 170; 111 Atl. Rep. 506.
In Briggs v. Faulkner, 120 N.J. Eq. 1; 183 Atl. Rep. 712,
the language of the will there sought to be construed was almost identical with the language of the third clause of the will here under consideration. There, the will provided:
"First. All the rest, residue and remainder of my estate both real and personal, whatsoever and wheresoever, I give, bequeath and devise unto my daughter, Helen Frances Ross Briggs."
The sixth clause then provided:
"What remains at my daughter's decease, I desire the income to be divided equally among my three nieces * * * and upon the death of the survivor of my said three nieces as above stated, then it is my will that my said residuary estate or what remains thereof shall be *Page 270 
divided equally between St. Paul's M.E. Church * * * and the Methodist Church * * *, the church of my childhood."
In the last paragraph of the will the testatrix appointed her daughter as executrix of the will, with full power to sell and dispose of her real estate. Vice-Chancellor Berry said:
"* * * `it is a fixed rule of construction in this state, as to testamentary gifts either absolute in form or in form indeterminate as to quantity of the estate given, that if testator, either expressly or by implication, manifests an intent to vest in the first devisee, or legatee, the uncontrolled power of disposition of the property, such power embraces the quality of absolute ownership, and subsequent limitation over is void as inconsistent with the right of the first devisee or legatee. The manifestation of that intent may appear in the gift over as well as elsewhere.' (Citing authorities.) * * * The cases rest upon the principle that the uncontrolled power of disposition in the first taker necessarily implies absolute ownership and that the limitation over is void as totally inconsistent with the rights of the first legatee. * * *"
In Trafton v. Bainbridge, 125 N.J. Eq. 474; 6 Atl. Rep.
2d 209, one of the rules laid down by Mr. Justice Donges speaking for the Court of Errors and Appeals was that "Where there is a devise or bequest of property to A, in terms indicating clearly that a fee-simple estate is intended to be given, a fee passes; and a subsequent provision for a gift to B, at A's death, of the same property — either the whole thereof or whatever remains — is invalid and passes nothing." Mr. Justice Donges in the same opinion approved the holding of Vice-Chancellor Berry in Briggs v. Faulkner, saying: "There was no gift of a life estate there, but one absolute in form and the rule was properly applied and the gift held to be one in fee."
It is concluded that the will of Henry E. Chubb vests an estate in fee-simple in Ida G. Chubb and that the subsequent provisions of his will in so far as they attempt to dispose of any of the property devised and bequeathed to her are invalid and pass nothing.
Present decree. *Page 271