The will of Joseph J. Feger, late of Paulsboro, New Jersey, is submitted for construction. The instrument was drawn by a justice of the peace in 1923. At that time the testator owned and was successfully operating a coal and ice business; his family consisted of his widow, 39 years of age, and two daughters, aged 19 years and 16 years. No other children were born to the decedent and his wife. The decedent's widow and his two daughters, all of whom survive, are now, respectively, 63, 43 and 40 years of age.
It is the third paragraph of the will, in particular, which engendered the doubt prompting this proceeding. That paragraph reads: *Page 123 
"Third: As to the rest, residue and remainder of my estate, be it Real, Personal or Mixed, of whatsoever kind or nature or wheresoever found, I give, devise and bequeath unto my beloved wife, Mary E. Feger, for her maintenance and comfort, as long as she is my widow; should she marry again, then she is to receive one third of said Estate, the two thirds to be divided to my two daughters Mildred and Margaret, share and share alike and to their heirs forever."
Complainant, the widow, contends that by her husband's will she takes all of the residue of his estate, both real and personal, absolutely. She cites Downey v. Borden, 36 N.J. Law 460, andR.S. 3:2-19. In the Downey decision, a leading case on the question here agitated, Mr. Justice Depue for our Court of Errors and Appeals, formulated and promulgated the rule of construction which the complainant contends should be here applied: "As a rule of construction, the principle is entirely settled, that where lands are devised in the first instance in language indeterminate as to the quantity of the estate from which an estate for life would result by implication, and words adapted to the creation of a power of disposal without restriction as to the mode of execution are added, the construction will be, that an estate in fee is given; * * *."
R.S. 3:2-19 reads:
"When a devise of real estate within this state omits the words `heirs and assigns' or `heirs and assigns forever' and the will contains no expressions of intent to convey only an estate for life, or the real estate is not further devised after the death of the devisee to whom the same is given, it shall be taken and understood that the testator thereby intended to grant and devise an absolute estate in such real estate and the devise shall be construed, deemed and adjudged, in all courts of this state, to convey an estate in fee-simple to the devisee for all the real estate so devised, in as full a manner as if the real estate had been given or devised to the devisee and to his heirs and assigns forever."
I shall not here attempt to review the numerous decisions wherein Downey v. Borden, supra, has been cited and the rule there declared applied. That rule is not entirely dispositive of the construction problem before the court; nor is the cited statute. Downey v. Borden was distinguished, and the principles to be applied in a case such as the present one were *Page 124 
stated by Vice-Chancellor Pitney in Dubois v. Van Valen,61 N.J. Eq. 331; 48 Atl. Rep. 241. In the Dubois Case the will read: "* * * to my wife, Eliza Van Valen, all my real and personal property for her use and benefit so long as she remains my widow, but should she marry then the property, real and personal, remaining, shall immediately or as soon as possible be equally divided among my children then living, * * *." Vice-Chancellor Pitney said: "The devise to the widow is during her widowhood, and hence, is no more and no less than a devise for life. It is not less than a devise for life, because it may, at her pleasure, endure for life. It is plainly an express limitation of the estate to her life, and hence, under the rule laid down in Downey v. Borden, even if there were present a general power of disposition, the estate would still be confined to one for life." Vice-Chancellor Pitney then pointed out that in the will before him there was no general power of disposition; there is none here.
The testator appointed his wife and his daughter Mildred Eleanor as executrices. Here is certain evidence, it seems to me, that the testator did not intend to make an absolute gift of the residue of his estate to his wife. It indicates that he wished a daughter to participate in the administration of his estate until the death of the mother, or until her mother's remarriage, in order that the daughter might observe and preserve the estate until she and her sister became entitled to it.
In Peer v. Jenkins, 102 N.J. Eq. 235; 140 Atl. Rep. 413,
the testator gave one-third of all the profits received from the use of his real estate to his wife, "as long as she remains my widow." The Court of Errors and Appeals held that the widow took a life estate which terminated upon her remarriage.
In Buck v. Beckman, 102 N.J. Eq. 94; 139 Atl. Rep. 803, the real and personal estate was given to the widow, the testator saying: "The above is given with the understanding that all this property will belong to her as long as she remains my legal and lawful widow." Vice-Chancellor Berry advised a decree that the widow should have the use and income from all the property during her lifetime, or until she remarried. *Page 125 
It is my conclusion and conviction that the testator intended to give and did give to his wife a life interest in all the residue of his estate, subject to termination in the event of her remarriage. If the widow remarry, then she is to receive one-third of the residue of decedent's estate absolutely, and the remainder is to be divided between the testator's two daughters, share and share alike.