One James Osterhout died testate on October 20, 1941. His last will and testament dated November 15, 1938, embraces the following articles of present pertinency:
"I leave to my wife, Anna Osterhout, all my lands and property, all money in banks, all bonds and all mortgages. She is to have the use and possession of all these things during her life, except that she is not to foreclose any mortgage as long as the interest is being paid.
"At her death such possessions of mine as are then owned by her shall pass to my sisters, ANNA LAVAL and SARAH HIESTAND and to my brother, THOMAS OSTERHOUT, to be shared equally.
"In case of the death of my brother or sisters, the estate must be divided with their children."
The objects of this action are to obtain a judicial construction of the will and a declaration of the interests and estates *Page 404 
bestowed by the will upon the widow, sisters and brother of the testator respectively.
The conclusions are that the widow has a life estate. Pratt v.Douglas, 38 N.J. Eq. 516; Wooster v. Cooper, 53 N.J. Eq. 682, 33 A. 1050; Robeson v. Shotwell, 55 N.J. Eq. 318, 36 A. 780; affirmed, 55 N.J. Eq. 824, 41 A. 1115; Dubois v.Van Valen, 61 N.J. Eq. 331, 48 A. 241; Deats v. Ziegener,82 N.J. Eq. 605, 89 A. 31; Weaver v. Patterson,92 N.J. Eq. 170, 111 A. 506; Duncan v. Murphy, 92 N.J. Eq. 682, 114 A. 815; Gaston v. Ford, 99 N.J. Eq. 592, 133 A. 531;Buck v. Beckman, 102 N.J. Eq. 94, 139 A. 803; Peer v.Jenkins, 102 N.J. Eq. 235, 140 A. 413; Trafton v.Bainbridge, 125 N.J. Eq. 474, 6 A.2d 209; Anderson v.Anderson, 133 N.J. Eq. 311, 32 A.2d 83; Feger v. Higgins,141 N.J. Eq. 122, 56 A.2d 132.
And that the language "such possessions of mine as are then owned by her" evinces and constitutes an implied power of disposal to be exercised in good faith. Illustrative citations are: Annin's Ex'rs v. Vandoren's Adm'r, 14 N.J. Eq. 135;Rodenfels v. Schumann, 45 N.J. Eq. 383, 17 A. 688; Tuerkv. Schueler, 71 N.J.L. 331, 60 A. 357; Hyde v. Hyde,88 N.J. Eq. 358, 102 A. 830; Weaver v. Patterson, supra; Gastonv. Ford, supra; Brohm v. Berner, 95 N.J.L. 85, 77 A. 517;Briggs v. Faulkner, 120 N.J. Eq. 1, 183 A. 712; Klotz v.Klotz, 122 N.J. Eq. 31, 191 A. 854; Groth v. Van Deursen,142 N.J. Eq. 324, 60 A.2d 78. Vide, also, Cranford TrustCo. v. Robus, 137 N.J. Eq. 266, 44 A.2d 367.2 A.L.R. 1243, 1297; 27 A.L.R. 1381, 1385.
True, a life tenant, with or without the power of disposal, incurs the obligations of a trustee for the remaindermen. Huntv. Smith, 58 N.J. Eq. 25, 43 A. 428; Trafton v.Bainbridge, 126 N.J. Eq. 448, 455, 9 A.2d 306; Anderson v.Anderson, supra. But the propriety of directing an accounting necessarily involves a knowledge and consideration of the pertinent factual circumstances. This branch of the case may be presented upon the submission of the proposed final judgment. Consult R.S. 2:79-9 et seq., N.J.S.A.; R.S. 3:9-2, N.J.S.A.;R.S. 3:26-23, N.J.S.A. *Page 405