24 N.J. Super. 462 (1953)
94 A.2d 868
BURLINGTON COUNTY NATIONAL BANK OF MEDFORD, ONE OF THE EXECUTORS OF AND TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF JOB BRADDOCK, DECEASED, PLAINTIFF,
v.
ESTELLE W. BRADDOCK, J. STANLEY BRADDOCK, ETTA B. BRADDOCK, J. STANLEY BRADDOCK, JR., ROBERT C. BRADDOCK, ELEANOR BRADDOCK EASLICK, JEAN HELEN EASLICK AND ROBERTA ELEANOR EASLICK, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 17, 1953.
*465 Mr. Stanley K. Heilbron, attorney for plaintiff.
Mr. Martin L. Haines, appearing for defendant J. Stanley Braddock (Messrs. Dimon, Haines & Bunting, attorneys).
Mr. W. Warren Luckenbill, guardian ad litem and attorney for persons not in being.
HANEMAN, J.S.C.
The plaintiff herein, one of the executors and trustees under the last will and testament of Job Braddock, deceased, seeks the construction of the last will and testament of the latter. This construction concerns itself with paragraphs Sixth and Seventh. Involved in this construction are paragraphs Fourth, Fifth and Sixth, which read as follows:
"FOURTH: Should I predecease my wife, ESTELLE W. BRADDOCK, then and in such event I give and bequeath an equal undivided one-third part or portion of my personal estate, excluding all furniture, silverware and personal belongings, to my executors and trustees, hereinafter named, or to the survivor thereof, in trust, however to keep the same invested so far as may be deemed reasonable *466 and for the best interest of my estate, in the same securities and collaterals then constituting my estate, and to pay monthly and every month to my widow, the said ESTELLE W. BRADDOCK, the income arising therefrom during the term of her natural life or so long as she may remain my widow. Upon the death of my said wife, ESTELLE W. BRADDOCK, or otherwise upon her remarriage, I give and bequeath the personal property constituting the trust hereinabove named for her benefit, equally share and share alike, a one-half thereof to my executors or trustees constituted and to be distributed in accordance with paragraph Fifth of this will, and the other one-half part or portion thereof to my said son, J. STANLEY BRADDOCK, to him, his heirs and assigns forever.
FIFTH: I give, devise and bequeath to my executors and trustees as hereinafter named, an equal one-third part of all my personal estate and an equal one-half part of all of my real estate, except as hereinafter specified, to receive and pay the income arising therefrom monthly, each and every month, to my daughter, ELEANOR BRADDOCK EASLICK, during the term of her natural life, and in the event that she shall leave surviving her children of her lawful blood, such income shall be continued to be so paid by my executors and trustees, as aforesaid, for the use and benefit of such child or children until the youngest thereof shall have attained the age of twenty-five (25) years, when my said executors and trustees, or the survivor thereof, shall cause said principal fund so held in trust, as aforesaid, together with any accumulations, accruals or income or interest thereof, to be divided equally share and share alike as to said children of my said daughter, ELEANOR BRADDOCK EASLICK, per stirpes, in fee; provided, however, should my said daughter, ELEANOR BRADDOCK EASLICK, die without lawful issue surviving her, or lineal descendants, that then and in such case the principal of said trust fund so remaining in the hands of said executors and trustees, or the survivor thereof, together with accumulations, increment, interest and income thereof, shall be transferred and be paid to my nearest lineal descendants then surviving me, per stirpes, in fee.
SIXTH: I give, devise and bequeath to my said son, J. STANLEY BRADDOCK, an equal one-third part or portion of all of my personal property, except as herein otherwise stated, and an equal one-half undivided part or portion of all of my real estate to use and enjoy the same both as to principal and income, as he may deem proper, for and during the term of his natural life; provided, however, upon the death of my said son, J. STANLEY BRADDOCK, without issue of his blood or lineal descendants surviving him, that then and in such case the income from the balance of such distributive share, inherited by my said son from my estate, then remaining in his hands or for his use or benefit shall be paid to his wife, if any, during the term of her natural life or so long as she may remain his widow. But should my said son, J. STANLEY BRADDOCK, at the time of his death leave surviving him children of his lawful blood, or *467 otherwise lineal descendants, that then and in such case the income arising from the balance of such inheritance received by my said son from my estate, then remaining in his hands, shall be paid for the use and benefit of such child or children, or other lineal descendant of my said son, until the youngest thereof shall have attained the age of twenty-five (25) years, when the balance of said principal sum, together with increment, accruals, income and interest thereon, shall be paid to such child or children, equally, share and share alike, per stirpes, in fee. Upon the death of my said son and upon the decease of his wife or widow, or upon her remarriage, leaving no lawful issue or lineal descendants, then the said principal sum, together with any increment or accruals, income or interest thereon, so remaining as aforesaid, shall be transferred, conveyed and paid to my nearest lawful lineal descendants, equally, share and share alike, per stirpes, in fee."
The questions involving paragraph Sixth will be considered first. They are as follows:
1. Does J. Stanley Braddock take a fee or a life estate in the real and personal property?
2. If J. Stanley Braddock takes a life estate, to what extent and under what restrictions does he have the power to invade the corpus?
3. If the provisions of said paragraph create a trust, who should act as trustee?
It is academic, of course, that the will must be studied from its four corners and the testator's intent, as derived from a study thereof, is to be effectuated. Hackensack Trust Co. v. Clark, 141 N.J. Eq. 96 (Ch. 1947), affirmed Hart, Trust Co. v. Hackensack, 142 N.J. Eq. 727 (E. & A. 1948); New Jersey Title Guarantee, &c., Co. v. Dailey, 123 N.J. Eq. 205 (Ch. 1938). The court may not substitute its judgment as to the propriety of the provisions of a will in the face of the clear language of said instrument, but must give effect to the intent so expressed. We are not concerned with what the testator meant to say, but what he did say. New Jersey Title Guarantee, &c., Co. v. Dailey, 123 N.J. Eq. 205 (Ch. 1938); Stryker v. Sands, 4 N.J. 182 (1950).
Where there is a general devise in general terms only, expressing neither fee nor life estate, and a subsequent devise *468 of the same property to designated remaindermen, if there is also given to the first devisee an unlimited and unrestricted power of absolute disposal, the devise to him is construed to pass a fee, and the gift over is invalid. If, however, the additional power of disposal given to the first-named devisee is not absolute or is limited or restricted as to its exercise, the devise is not construed to pass a fee. Gaston v. Ford, 99 N.J. Eq. 592 (Ch. 1926); Weaver v. Patterson, 92 N.J. Eq. 170 (Ch. 1921); Groth v. Van Deursen, 142 N.J. Eq. 324 (Ch. 1948).
Where a will gives an estate directly to a tenant for life by express words, even though it vests said life tenant with the uncontrolled power to dispose of the corpus, with the balance remaining to designated remaindermen, and there are no provisions in the will indicating a contrary intent, the first beneficiary receives a life estate. Laval v. Osterhout, 3 N.J. Super. 402 (Ch. Div. 1949).
Under the express language of paragraph Sixth, J. Stanley Braddock is vested with fractional interests in the testator's real and personal property "to use and enjoy the same both as to principal and income, as he may deem proper, for and during the term of his natural life." J. Stanley Braddock, under the language here employed, there being absent any language indicating a contrary intent, takes a life estate in the said property.
A reading of the will discloses that by paragraphs Fourth and Fifth the testator created trusts for his widow and daughter, respectively.
In the provision for his widow he directed the payment of income only to be made to her, and did not permit the invasion of the corpus for her benefit.
In the provision for his daughter, the testator again directed the payment of income only to be paid to her, without any provision for corpus invasion.
The testator patently knew how to restrict the use of corpus and actually did restrict the use of corpus, as above noted. Had he desired, he could have made a similar provision *469 in paragraph Sixth. This he failed to do. Not only is his failure to so provide significant, but his express language in paragraph Sixth is as well noteworthy. He expressed an intent to restrict the use of corpus only in the cases of his wife and daughter.
This will leaves the determination of how much of the corpus shall be used to the sole judgment of J. Stanley Braddock. It imposes no restriction upon the use of corpus, nor does it vest any supervisory jurisdiction in any third person. It does not even interpose a trustee for management of the corpus, as was provided for in paragraphs Fourth and Fifth. The said J. Stanley Braddock has an uncontrolled power to dispose of all of the property so devised to him. New Jersey Title Guarantee, &c., Co. v. Dailey, 123 N.J. Eq. 205 (Ch. 1938); Trafton v. Bainbridge, 125 N.J. Eq. 474 (E. & A. 1939).
The answers to the first two propounded questions are, therefore, that the said J. Stanley Braddock takes an estate for life, with the unrestricted right and power to invade and dispose of the corpus of said property.
It becomes necessary, therefore, to consider the third question.
Paragraphs Fourth and Fifth devise and bequeath a portion of testator's estate to his "executors and trustees" in trust for his widow, Estelle W. Braddock, and his daughter, Eleanor Braddock Easlick, respectively. He so demonstrated his knowledge of the manner in which a trust could be created. However, in paragraph Sixth he devised a life estate directly to J. Stanley Braddock, with absolute power to dispose of the corpus.
The executors and trustees were nominated by paragraph designated "Lastly." The pertinent language empowering them to so act reads: "* * * as the occasion and the carrying out of the intents and purposes of my will may require."
Neither the occasion nor the carrying out of the intents and purposes of paragraph Sixth presently require *470 the appointment of a trustee. The unrestricted use of the corpus devised by that paragraph was subject to no control by any third party. It rested in the sole discretion of the life tenant. Since a life tenant, with or without powers of disposal, in any event incurs the obligations of a trustee for the remaindermen, it is unnecessary for the enjoyment of a life estate that a trustee be appointed. Laval v. Osterhout, 3 N.J. Super. 402 (Ch. Div. 1949).
It is therefore here held that no trustee is required for the one-half of the realty devised for life to J. Stanley Braddock. Burlington County Trust Co. v. Kingsland, 18 N.J. Super. 223 (Ch. Div. 1952); Laval v. Osterhout, 3 N.J. Super. 402 (Ch. Div. 1949).
The inquiry concerning paragraph Seventh concerns itself with the disposition of the remainder in one-half of the furniture and contents contained in, and the title to realty designated as No. 74 South Main Street, Medford, New Jersey. Paragraph Seventh reads as follows:
"SEVENTH: Irrespective of anything heretofore in this will contained, it is my desire and will upon my decease, all the household furniture and household belongings then in my late residence No. 74 South Main Street, in Medford, aforesaid, shall be equitably appraised, and thereafter my said son, J. STANLEY BRADDOCK, shall have the first choice of an equal one-half of said household furniture and belongings, based upon such appraised valuation; and that my daughter, ELEANOR BRADDOCK EASLICK, shall have the full use and occupancy of the house and lot designated as No. 74 South Main Street, Medford, aforesaid, presently known as my residence, together with the household furniture (except as hereinabove specifically bequeathed), for and during the term of her natural life, upon the express provision that my said daughter, ELEANOR BRADDOCK EASLICK, shall in the use and enjoyment of said premises maintain and keep the same in good, reasonable and orderly condition, free from any equitable waste or liens of any nature, at her own cost and expense."
This paragraph, although designated Seventh, for the sake of clarity, would have better been placed by the scrivener prior to paragraph Fourth. It is a specific bequest and devise. Kearns v. Kearns, 77 N.J. Eq. 453 (Ch. 1910); *471 Burlington County Trust Co. v. Kingsland, 18 N.J. Super. 223 (Ch. Div. 1952); Kinney v. Thomlinson, 2 N.J. Super. 512 (Ch. Div. 1949); Case v. Hasse, 83 N.J. Eq. 170 (Ch. 1914).
Although the paragraphs Fourth through Sixth are general bequests or devises, they are subject to the specific bequests and devises of paragraph Seventh, especially in view of the language of said paragraph, i.e., "Irrespective of anything heretofore in this will contained."
The testator made the following provision in paragraph Fourth:
"I give and bequeath an equal, undivided one-third part or portion of my personal estate, excluding all furniture, silverware and personal belongings."
In paragraph Fifth he provided:
"I give and bequeath to my executors and trustees * * * one-third part of all my personal estate and an equal one-half part of all my real estate, except as hereinafter specified * * *."
In paragraph Sixth he provided:
"I give, devise and bequeath * * * an equal one-third part or portion of all of my personal property, except as herein otherwise stated, and an equal one-half undivided part or portion of all of my real estate * * *."
Plainly, the widow, for whom provision was made by paragraph Fourth, has no interest in either the furnishings, because of the express language excepting the same from the bequest for her benefit, nor in the realty, because of the apparent intentional omission of a devise of any interest therein for her benefit.
J. Stanley Braddock takes one-half of said furnishings outright. Eleanor Braddock Easlick takes a life interest in the remaining one-half of said furnishings and the entire real estate designated No. 74 South Main Street, Medford, New Jersey.
*472 There remains for consideration the disposal of the remainder in one-half of the furnishings in, and the entire fee in No. 74 South Main Street.
The law abhors intestacy, and courts must construe a will, if possible, so that it will pass all that testator possesses. Barrett v. Barrett, 134 N.J. Eq. 138 (Ch. 1943).
The language of paragraph Fifth, by its terms, vests the there designated trustees with a one-third interest in all of the personalty and a one-half interest in all of the realty of which testator died seized, "except as herein specified." This must mean that such trustees take subject to the life estates of testator's daughter, created by paragraph Seventh. They are therefore vested with a remainder in one-third interest in the personalty and a one-half interest in the realty, in which Eleanor Braddock Easlick has a life estate, in fee, as remainderman, subject to the express conditions of paragraph Fifth.
The language of paragraph Sixth, by its terms, vests J. Stanley Braddock with a life estate with power to dispose of the corpus in one-third of the personalty and one-half of the realty of which testator died seized.
It as well provides for a further life estate, subject to specific conditions, to his wife, and an estate for years to his children or lineal descendants, with remainder in them. (Parenthetically it might be remarked that the effect of this latter provision is not before the court and it is not necessary to express an opinion upon its effect.) As a result, it is here held that J. Stanley Braddock is vested with a life estate with power of disposal as aforesaid, in one-sixth of the personalty (one-third of one-half) and one-half of the realty at No. 74 South Main Street, Medford, New Jersey, subject to the express further provisions of paragraph Sixth.
It is therefore seen that testator ultimately disposed of a two-thirds interest in one-half of the personalty described in paragraph Seventh. As to the remaining one-sixth interest, testator died intestate.
*473 There is therefore here created a reversionary estate. Miller v. Woodbury Trust Co., 2 N.J. Super. 497 (Ch. 1949). Absent a residuary clause, the same vests as if the testator had died intestate. Miller v. Woodbury Trust Co., supra.
Judgment will be entered accordingly.