By this bill, the complainant, as trustee under the will of George S. Clark, deceased, seeks a construction of the fourth paragraph of the will, which paragraph reads as follows:
"Fourth: I give devise and bequeath the remaining three parts of my estate to the Hackensack Trust Company, in trust, however, for the following purposes:
"To invest and re-invest the same and pay the income from one-third part of said trust to my wife for her natural life, and upon her death the said one-third part of said trust fund shall revert to and become a part of the principal of said trust fund, the income of which shall be distributed equally to my two daughters hereinafter referred to during their lifetime, share and share alike. The income from the remaining two-third parts of this trust fund, I direct my trustee to pay to my two daughters, RUTH CLARK HART and ETHEL SIDNEY CLARK, during their lifetime, share and share alike, and upon the death of either one, I direct said Trustee to pay over to the children of said deceased daughter, share and share alike, one-half of the principal of said trust fund, and to continue the administration of the other half of the trust fund in the interest of the surviving daughter, and upon her death, I direct my trustee to pay over to the children of this deceased daughter the remaining principal of the trust fund, per stirpes and not per capita. In the event of the death of either one of my said daughters, without leaving issue, said daughter's interest in said fund shall revert to the benefit of the surviving daughter.
"In the event of my wife predeceasing me, then I give, devise and bequeath entire estate to the Hackensack Trust Company, in Trust, however, to be invested and re-invested, and the income therefrom to be divided equally between my said two daughters, RUTH CLARK HART and ETHEL SIDNEY CLARK, during their lifetime, and upon their death, or upon the death of either one, the share of said child shall be paid to the children of such deceased child, per stirpes and not per capita."
The said George S. Clark died January 4th, 1927, survived by his widow, Jeannette Johnston Clark, and his two daughters, Ruth Clark Hart, wife of Edward M. Hart, and Ethel Sidney Clark. Ethel Sidney Clark later married Stanley Davison.
Jeannette Johnston Clark, testator's widow, is still living. Ruth Clark Hart died April 27th, 1946, without issue. Ethel Sidney Clark Davison died February 11th, 1938, survived by her husband, Stanley Davison, and one daughter, Barbara Joan Davison, a minor. *Page 98 
Complainant poses the following questions:
1. What interest in the trust estate passed to Barbara Joan Davison upon the death of her mother?
2. What interest in the trust estate passed upon the death of Ruth Clark Hart, and to whom did it pass?
3. What becomes of the balance of the trust estate upon the death of Jeannette Johnston Clark, testator's widow?
In seeking the solution to a problem such as is presented in this case, the court is aided by certain well known and long established rules of construction. It is not the judicial function to redraft the will. But the court will seek to arrive at the intention of the testator as it may be disclosed by the instrument as a whole. The spirit prevails over the letter of the testament and the court, in construing the instrument, may depart from its strict words and read a word or phrase in a sense different from that which is ordinarily attributed to it, when such a departure is necessary to give effect to what appears, on a full view of the whole will, to have been the intention of the testator. Duane v. Stevens, 137 N.J. Eq. 329; Ricardo v.Kelly, 134 N.J. Law 540. And it is axiomatic that the law abhors an intestacy particularly when the subject of the gift is the residuary estate. Barrett v. Barrett, 134 N.J. Eq. 138. A will will not be construed so as to impute to the testator a purpose to die intestate if it can be avoided. Carter v. Gray,58 N.J. Eq. 411.
From a reading of the fourth paragraph of the will it is clear that the testator intended to and did dispose of his entire residuary estate. It is also clear that he intended his wife and two daughters to enjoy the income from the residuary estate during their lives, with the principal passing to the children of the daughters upon the death of the life tenants.
To accomplish his object, the testator directed that one-third of the income from the residuary estate should be paid to his widow, Jeannette Johnston Clark, during her lifetime. The balance of the income from the residuary estate was to be shared equally by the two daughters, Ruth Clark Hart and Ethel Sidney Clark Davison, during their respective lives. Anticipating that the widow would die before his daughters, the testator provided that the income enjoyed by his widow, *Page 99 
should, upon her death, be divided equally between the two daughters. The daughters died and the widow is still living, but that does not affect the ultimate result. Up to this point no difficulty is presented. It is in connection with the disposition of the corpus of the trust that the confusion arises. The doubt is occasioned by inept punctuation. The sentence which occasions the doubt reads as follows:
"The income from the remaining two-thirds parts of this trust fund, I direct my trustee to pay to my two daughters, RUTH CLARK HART and ETHEL SIDNEY CLARK, during their lifetime, share and share alike, and upon the death of either one, I direct said Trustee to pay over to the children of said deceased daughter, share and share alike, one-half of the principal of said trust fund, and to continue the administration of the other half of the trust fund in the interest of the surviving daughter and upon her death, I direct my Trustee to pay over to the children of this deceased daughter the remaining principal of the trust fund, perstirpes and not per capita."
It will be observed that in the first part of the sentence the testator speaks of "income" and in the last part he refers to "principal." If we break that sentence up into its two parts the provision will then read:
"The income from the remaining two-thirds of this trust fund, I direct my trustee to pay to my two daughters, RUTH CLARK HART and ETHEL SIDNEY CLARK, during their lifetime, share and share alike. And upon the death of either one I direct said Trustee to pay over to the children of said deceased daughter, share and share alike, one-half of the principal of said trust fund, and to continue the administration of the other half of the trust fund in the interest of the surviving daughter and upon her death, I direct my Trustee to pay over to the children of this deceased daughter the remaining principal of the trust fund, per stirpes
and not per capita. In the event of the death of either one of my said daughters, without leaving issue, said daughter's interest in said fund shall revert to the benefit of the surviving daughter."
Thus testator's intention becomes clear. By the provision just quoted, he disposed of the entire trust estate. One-half of the principal of the trust estate was to be paid to the children of Ruth Clark Hart, upon her death, and the other one-half of the principal of the trust estate was to be paid to the children of Ethel Sidney Clark Davison, upon her death. *Page 100 
In the event that either daughter died without issue, as was the case, the share of the trust estate bequeathed to such issue, passed to the children of the other daughter.
Upon her birth, Barbara Joan Davison became possessed of a vested remainder in the entire residuary estate. This vested remainder was subject to being entirely divested, as to one-half part thereof, by the birth of children to Ruth Clark Hart and was also subject to being partially divested, as to the other one-half part, by the birth of other children to Ethel Sidney Clark Davison. Neither event occurred.
The trustee is instructed that upon the death of her mother, Ethel Sidney Clark Davison, Barbara Joan Davison was entitled to receive one-third of the principal of the trust estate. Upon the death of Ruth Clark Hart, Barbara Joan Davison was entitled to receive one-third of the trust estate, and, upon the death of Jeannette Johnston Clark, the surviving life tenant, the said Barbara Joan Davison is entitled to receive the balance of the trust estate.
I will advise a decree in accordance with the above. *Page 101