19 N.J. Super. 124 (1952)
88 A.2d 14
THE HACKENSACK TRUST COMPANY, AS TESTAMENTARY TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF H. MYERS BOGERT, DECEASED, PLAINTIFF,
v.
CHARLOTTE G. BOGERT, INDIVIDUALLY AND AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF HENRY MYERS BOGERT, 2d, DECEASED; CHRISTINE B. ALLEY, ROGER BLACKSTONE ALLEY; ROGER BLACKSTONE ALLEY, JR.; AND HACKENSACK HOSPITAL ASSOCIATION, A BODY CORPORATE, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided April 17, 1952.
*127 Messrs. Wurts & Plympton, attorneys for plaintiff.
Messrs. Winne & Banta, attorneys for Charlotte G. Bogert and Hackensack Hospital Association.
*128 Messrs. Morrison, Lloyd & Griggs, attorneys for Christine B. Alley and Roger Blackstone Alley, Jr.
GRIMSHAW, J.S.C.
Plaintiff, as trustee under the last will and testament of H. Myers Bogert, deceased, seeks a construction of the will of the decedent and a determination of the rights and interests of the various defendants in the corpus of the trust fund created by the will for the benefit of H. Myers Bogert, 2d.
H. Myers Bogert died March 5, 1932, leaving him surviving as his only next-of-kin, his grandchildren, H. Myers Bogert, 2d, and Christine Bogert. H. Myers Bogert, 2d, died without issue on June 19, 1951. In his will, admitted to probate in Pike County, Pennsylvania, on June 28, 1951, his widow, Charlotte G. Bogert, was named as his sole beneficiary. Christine Bogert, the other grandchild, is married to Roger B. Alley. They have one son, Roger B. Alley, Jr., a minor.
The pertinent provisions of the will of H. Myers Bogert are as follows:
"FIFTH: I order and direct my executor to set aside and hold in trust and invest and reinvest the sum of TWENTY THOUSAND ($20,000.00) DOLLARS and to pay the net income therefrom to my daughter-in-law, ELIZABETH Z. BOGERT during her life. Upon her death said principal sum shall become a part of my residuary estate and be disposed of as is hereinafter provided."
"SEVENTH: I order and direct my executor to set aside and hold in trust and invest and reinvest the sum of TEN THOUSAND ($10,000.00) DOLLARS and to pay the net income therefrom to my niece EDITH M. BOGERT during her life. Upon her death said principal sum shall become a part of my residuary estate and be disposed of as hereinafter provided.
EIGHTH: All the rest, residue and remainder of my estate, real, personal or mixed, of which I may die seized or to which I may be in any manner entitled, I give, devise and bequeath to my Trustee hereinafter named and to its successor or successors, IN TRUST, to divide my said estate into two equal parts or shares and to hold each of said equal parts or shares IN TRUST as hereinafter provided, to wit:
(a) To hold one of said equal parts or shares and invest and reinvest the same, or the proceeds thereof, during the natural life of *129 my granddaughter, CHRISTINE Z. BOGERT, and to collect the income and profits therefrom and to pay the same to my said granddaughter quarterly during her life. Upon her death, I give and bequeath one-half of the principal of said part or share to such person or persons as she may by her Last Will and Testament appoint and designate, and the remaining one-half, or in case of her failure to make such appointment and designation as aforesaid, all of such part or share, in equal shares to the children of my said grand-daughter; in case any of my said grand-daughter's children shall predecease her leaving issue, such issue shall take the same share which such child would have received if such child had survived.
(b) To hold the other said equal part or share and invest and reinvest the same, or the proceeds thereof (except as hereinafter provided) during the natural life of my grandson, HENRY MYERS BOGERT, 2ND, and to collect the income and profits therefrom and pay the same to my said grandson quarterly during his life. Upon his death, I give and bequeath one-half of the principal of said part or share to such person or persons as he may by his Last Will and Testament appoint and designate, and the remaining one-half or in case of his failure to make such appointment and designation as aforesaid, all of such part or share then remaining, in equal shares to the children of my said grandson; in case any of my said grandson's children shall predecease him leaving issue, such issue shall take the same share which such child would have received if such child had survived. At any time after my said grandson arrives at the age of thirty years, my Trustee hereinafter named, or its successor or successors shall, upon the written request of my said grandson, pay over to him a sum or sums out of the principal of said part or share, not exceeding in the aggregate fifty per cent of the principal of said part or share. In case of any such payment or payments, the receipt of my grandson shall absolutely acquit and discharge such Trustee from all liability therefor.
NINTH: In case either my said granddaughter or grandson should predecease me leaving a child or children or issue thereof surviving, the part or share hereinbefore directed to be held for the benefit of such grandchild, I give and bequeath to such child or children.
TENTH: In case of the death of either of my said grandchildren before me without leaving child or children or issue thereof surviving, the part or share hereinbefore directed to be held for the benefit of such grandchild, or the portion thereof not disposed of by such grandchild in the manner hereinbefore provided, shall be added to and become a part of the part or share directed to be held for the surviving grandchild, his or her child, children or issue. In case both of my said grandchildren should die without either leaving a child or children or issue them surviving, then and in that case, I give, devise and bequeath all of the residue and remainder of my said estate, except such part thereof as may have been disposed of under the power of appointment herein given to my said grandchildren, to the HACKENSACK HOSPITAL ASSOCIATION, to be used by it either for the erection of new hospital buildings, or extensions to the *130 then existing hospital building and/or the furnishing thereof; until the principal shall be so expended any income therefrom may be used for the maintenance and support of the hospital or hospitals owned or operated by the said HACKENSACK HOSPITAL ASSOCIATION. Nothing herein shall require the use of my said estate for the purposes aforesaid, but the same may be held indefinitely and the income therefrom used and applied for the maintenance and support of the hospital or hospitals owned or operated by said Association.
ELEVENTH: The gifts to the children or issue of my said grandchildren shall vest at the death of such grandchild, but the principal thereof shall not be paid over until each of the several persons entitled thereto shall arrive at the age of twenty-one years; in case of the death of any such persons before reaching the age of twenty-one years, then the share of those so dying shall be paid over to the persons entitled thereto at the expiration of twenty-one years after the death of the grandchild of whom they are descendants. The net income on such shares shall be paid over annually, or oftener in the discretion of the Trustee, to the persons entitled thereto. In case for any reason, the foregoing provisions should be held to violate the law of perpetuities, the said shares shall be paid over at the expiration of twenty-one years from the death of the grandchild whose share is to be distributed; or such earlier date as may be necessary to carry out my intention as herein expressed."
The provision of the codicil, with which we are concerned, is as follows:
"SECOND: I give and bequeath the sum of TEN THOUSAND ($10,000.00) DOLLARS unto THE HACKENSACK TRUST COMPANY of Hackensack, New Jersey, IN TRUST, NEVERTHELESS, for the following uses and purposes; to hold and manage the same, pay all taxes, assessments and other expenses incidental to the management thereof, to invest and reinvest such sums as may come into its hands as such Trustee and to pay the net income arising therefrom unto my sister, EVA W. BOGERT, during the term of her natural life, and upon the death of my said sister, EVA W. BOGERT, I direct the corpus of the trust fund herein created shall become part of my residuary estate and be disposed of as is provided under the EIGHTH PARAGRAPH of my Last Will and Testament."
Elizabeth Z. Bogert, the life tenant named in paragraph 5 of the will, has remarried and her name is now Elizabeth Z. Johnson. Edith M. Bogert, the life tenant named in paragraph 7 of the will, died August 20, 1951, after the institution of these proceedings. The corpus of the trust for her benefit is being held awaiting the determination of this *131 cause. Eva W. Bogert, the life tenant named in paragraph 2 of the codicil, died August 27, 1942. The corpus of that trust has been added to the residuary trust provided for under paragraph 8 of the will.
Under date of March 21, 1951, H. Myers Bogert, 2d, sent to the trustee a letter in which, after calling attention to paragraph 8, subdivision (b) of the will of the testator, he continued as follows:
"I have passed the age of thirty years and in accordance with the provisions of the said will, I now request in writing that there be paid to me out of the principal of said trust fund the amount to which I am entitled under the provisions of the said will, to wit, 50 per cent of the principal of the said trust fund."
Following receipt of this communication, the trustee advanced to him two payments of $500 each. It also prepared and filed its account of the trust. The account was allowed and at the same time the court granted judgment for a distribution of one-half of the corpus of the trust fund to H. Myers Bogert, 2d.
The questions as to which the trustee seeks instructions are as follows:
1. Did the grandson exercise his power of invasion under the will?
2. If question number 1 is answered affirmatively, did the testator intend that his grandson should have and exercise a power of appointment as well as a power of invasion?
3. If it is determined that the grandson had power of appointment, did he exercise it?
4. If questions numbers 1, 2 and 3 are all answered affirmatively, does the power of appointment operate upon one-half of the corpus of the trust fund?
5. If any one or more of questions 1, 2, 3, and 4 is answered negatively, is there an intestacy as to the corpus of the trust fund or any portion thereof?
6. As to one-half of the corpus of each of the trusts created by paragraphs fifth and seventh of the will, is such one-half to be reckoned as part of the corpus of the trust for the grandson in figuring (a) one-half of the corpus of that trust taken by invasion if exercised and to be paid to the grandson's executrix; (b) such portion as may be determined of the corpus of that trust to be paid to the grandson's *132 appointee "if that power existed and was exercised"; (c) the residue, if any, of the corpus of that trust passing to the remaindermen of that trust or to the testator's next-of-kin through intestacy as may be determined.
The power of invasion of the corpus of the trust for the benefit of H. Myers Bogert, 2d, under paragraph 8 (b) of the will, is set forth in the following terms:
"At any time after my said grandson arrives at the age of thirty years, my Trustee hereinafter named, or its successor or successors shall, upon the written request of my said grandson, pay over to him a sum or sums out of the principal of said part or share, not exceeding in the aggregate fifty per cent of the principal of said part or share. In case of any such payment or payments, the receipt of my grandson shall absolutely acquit and discharge such Trustee from all liability therefor."
As indicated at the hearing, I am satisfied that H. Myers Bogert, 2d, exercised the power of invasion. I am also of the opinion that the provision for the giving of a release was not a part of the exercise of the power of invasion but was simply for the protection of the trustee. The release, being for the protection of the trustee, could be given by the executrix of H. Myers Bogert, 2d. In so far as the exercise of the power of invasion is concerned, that had been completed.
At that time the corpus of the trust fund for the benefit of H. Myers Bogert, 2d, amounted to the sum of $87,841.90. To the extent of one-half of that amount the power was effectively exercised.
At the present time, as a result of the death of Edith M. Bogert, and the termination of her life estate, the amount available for distribution under the provisions of paragraph 8 (b) has been increased by the sum of $5,000. And ultimately, upon the death of Elizabeth Z. Johnson, an additional $10,000 will be available for distribution under paragraph 8 (b). But since both of the life tenants were living when H. Myers Bogert, 2d, exercised the power of invasion, neither the corpus of the Edith Bogert trust nor the corpus of the Johnson trust was affected.
*133 As I view the will, the power to designate the person or persons who would receive one-half of the corpus of the trust, was in no way affected by the exercise of the power of invasion. Neither power was dependent upon the other. Regardless of the extent to which the corpus was invaded, the power of appointment over one-half of the residue of the trust estate still existed. Bogert might have disposed of the entire corpus of the residuary trust by appointment of one-half and invasion of the other half. Had the life tenants all died prior to his death, that eventuality probably would have resulted.
That H. Myers Bogert, 2d, exercised the power of appointment is not open to question. The third paragraph of his will is as follows:
"THIRD, whereas, my grandfather, H. Myers Bogert, late of the City of Hackensack, County of Bergen, and State of New Jersey, deceased, by his Last Will and Testament dated November 19, 1928, and duly admitted to probate by the Surrogate of Bergen County, New Jersey, did give, devise, and bequeath certain property to the Hackensack Trust Company of Hackensack, New Jersey, upon certain trusts therein declared and set forth, as to the income during my life; and upon my death, did give and bequeath one-half of the principal of said trust fund to such person or persons as I should, by my Last Will and Testament, appoint and designate; Now, therefore, in the exercise of said power of appointment and of every other power enabling me in this behalf, I give, bequeath, devise, appoint, and designate said trust fund, or the part or share remaining at my death, to my wife, Charlotte G. Bogert."
The exercise of the power could hardly be couched in clearer terms.
As a result of the exercise of the power of appointment by H. Myers Bogert, 2d, Charlotte G. Bogert became entitled to receive one-half of the corpus of the residuary trust set up under the provision of paragraph 8 (b) of the testator's will. Additionally, since the exercise of the power vested in Charlotte G. Bogert a one-half interest in the corpus of the small trusts, she is presently entitled to receive one-half of the $5,000 by which the residuary trust has been increased as a result of the termination of the life estate of Edith M. *134 Bogert. And, ultimately, when the life estate of Elizabeth Z. Johnson is terminated, Charlotte G. Bogert will be entitled to receive one-half of the $10,000 which will then become a part of the residuary trust established under paragraph 8 (b) of the will.
Finally, there remains to be considered what disposition is to be made presently of the $2,500 of corpus of the Edith M. Bogert trust and ultimately of the $5,000 of the corpus of the Johnson trust not disposed of either by appointment or invasion.
At first blush it would appear that no provision was made in the will for the contingency which occurred, namely, the death of H. Myers Bogert, 2d, after the testator, but without leaving issue him surviving. Had H. Myers Bogert, 2d, died after the testator, leaving issue, paragraph 8 (b) of the will would apply. Had he predeceased the testator, leaving issue, paragraph 9 would apply. But since H. Myers Bogert, 2d, survived the testator and then died leaving no issue surviving, we must conclude that the testator did not provide for that eventuality unless such a provision can be spelled out of paragraph 10 of the will.
The first sentence of paragraph 10 of the will is as follows:
"In case of the death of either of my said grandchildren before me without leaving child or children or issue thereof surviving, the part or share hereinbefore directed to be held for the benefit of such grandchild, or the portion thereof not disposed of by such grandchild in the manner hereinbefore provided, shall be added to and become a part of the part or share directed to be held for the surviving grandchild, his or her child, children or issue."
Were it not for the words "before me" in that sentence there would be no difficulty. The trust for the benefit of H. Myers Bogert, 2d, not disposed of either by appointment or invasion, would then, upon his death, be added to the corpus of the trust for the benefit of Christine B. Alley.
The question then arises, is the court justified in excising the words "before me" from the first sentence of paragraph 10 of the will? It is not the function of the *135 court to redraft a will. Nor will the fact that the law abhors an intestacy justify indulgence in conjecture as to the testator's meaning. On the other hand, the spirit prevails over the letter of the testament, and the court, in construing the instrument, may depart from its strict words and read a word or phrase in a sense different from that which is ordinarily attributed to it, when such a departure is necessary to give effect to what appears, on a full view of the whole will, to have been the intention of the testator. And, too, where the subject of a gift is the residuary estate, a will will not be construed so as to impute to the testator a purpose to die intestate if it can be avoided. Hackensack Trust Co. v. Clark, 141 N.J. Eq. 96 (Ch. 1947), affirmed Hackensack Trust Co. v. Hart, 142 N.J. Eq. 727 (E. & A. 1948); Russell v. Russell, 16 N.J. Super. 589 (App. Div. 1951).
In the first sentence of paragraph 10, the testator, referring to the residuary trust, speaks of "the portion thereof not disposed of by such grandchild in the manner hereinbefore provided." Obviously, those words have reference to the powers of invasion and appointment. And since neither power could be effective during the lifetime of the testator, the quoted words would be meaningless, unless we conclude that the words "before me" were added to the sentence as a result of inadvertence. Then, too, it is clear from a reading of the will, that the testator intended to dispose of his entire estate. The excision of the words "before me" would accomplish that result.
The trustee, therefore, is directed to include in the Alley trust that share of the corpus of the Edith M. Bogert trust not affected by the exercise, by H. Myers Bogert, 2d, of the power of invasion. And upon the death of Elizabeth Z. Johnson a similar disposition should be made of the share of the corpus of the trust for her benefit, not disposed of by Bogert.